R.J. McGALLIARD, et ux., Petitioners,

v.

Henry H. KUHLMANN, III, et ux., Respondents.

No. C–5298.

Supreme Court of Texas.

Dec. 3, 1986.

Rehearing Denied Feb. 11, 1987.

John P. Venzke, Gustafson & Venzke, Houston, for petitioners.

Lester R. Buzbee, III and Darrell K. McAlexander, Buzbee, Kleiber, McAlexander, Combs, Cooks & West, P.A., Houston, for respondents.

ROBERTSON, Justice.

This is a non-jury deceptive trade practices case. Mr. and Mrs. R.J. McGalliard sold their home in Montgomery County to Mr. and Mrs. Henry H. Kuhlmann. Sometime shortly after the sale, the Kuhlmanns began experiencing problems with water leakage during rain storms. The Kuhlmanns brought suit alleging various violations of the Deceptive Trade Practices-Consumer Protection Act, TEX.BUS. & COM.CODE ANN. sec. 17.41, et seq. The trial court found in favor of the Kuhlmanns and awarded actual damages of $12,500.00, which was then trebled, and attorney's

fees. The court of appeals, in an unpublished opinion, held that the trial court improperly disregarded the uncontroverted expert testimony that the cost to make the home "water tight" would be $113,088.31. The court of appeals reformed the judgment of the trial court and rendered judgment in favor of the Kuhlmanns in the amount of $113,088.31, which amount was to be trebled. The remainder of the trial court's judgment was affirmed. We reverse the judgment of the court of appeals and remand to that court for consideration of the remaining points.

The only expert witness to testify for the Kuhlmanns concerning the cost to repair the home and prevent further leakage was Roy McFarland. McFarland testified that he first saw the house in March 1981, which was almost two years after the time the Kuhlmanns claim they began experiencing problems with leakage. McFarland prepared a nine page itemized statement of the necessary repairs and their cost. McFarland's estimate totalled $113,088.31. Of this amount, $22,617.66 was attributed to "unseen items," meaning those repairs which could not readily be seen but which were likely to need attention. McFarland was cross-examined by counsel for the McGalliards. The McGalliards called Dan Slater, an architect who originally designed and prepared the specifications for the house and supervised construction of the house. Slater was called to look into the leaking situation in late 1980 and testified that the problem could be corrected for approximately $500.00–$800.00. The Kuhlmanns obtained a bid of $10,000.00 to do the work suggested by Slater.

The trial court made the following findings of fact and conclusions of law which are pertinent to this appeal:

### Findings of Fact

\* \* \* \* \* \*

4. Prior to the sale of the house to the Kuhlmanns, the McGalliards knew of or had knowledge of the water leakage problems in the house.

\* \* \* \* \* \*

7. The reasonable cost to repair the damage to the house is $12,500.00.

\* \* \* \* \* \*

### Conclusions of Law

\* \* \* \* \* \*

3. The McGalliards violated Section 17.-46(b) of the Deceptive Trade Practices Act and such violation was a cause of damage to the Kuhlmanns.

\* \* \* \* \* \*

6. Pursuant to Section 17.50 of the Deceptive Trade Practices Act, the Kuhlmanns will recover $12,500.00 as actual damages and this amount is automatically trebled for a total of $37,500.00.

\* \* \* \* \* \*

The court of appeals held that the cost of repair was established at $113,088.31 as a matter of law. That court apparently felt that Slater's testimony was insufficient to controvert McFarland's testimony, or was of such a character as to constitute no evidence on the cost of repairs. The court of appeals acknowledged the general rule that the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. That court went on to state, however, that it is only within the province of the court to decide conflicting evidence. Therefore, where there is evidence on an issue and no evidence to the contrary, the court of appeals held that the trial court has no right to disregard the evidence and decide the case in accordance with its own wishes. (Citing *Mack v. Moore,* 669 S.W.2d 415 (Tex.App.—Houston [1st Dist.] 1984, no writ)).

 When findings of fact are filed and are unchallenged, as here, they occupy the same position and are entitled to the same weight as the verdict of a jury. They are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156 (1950). To determine a "no evidence" or "matter of law"

point this Court must disregard all evidence contrary to the trial court's finding, and if there is any remaining evidence which would support the verdict or judgment, the trial court's judgment must be upheld. If, after the removal of all contrary evidence, this court finds an absence of any evidence which would support the verdict or judgment, a contrary conclusion to the verdict or judgment is required as a matter of law. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

The finding at issue before this Court is the amount of the trial court's award as to the reasonable cost to repair the house. The fact that McFarland was the only witness who was qualified as an "expert" is not controlling. It has long been the rule of this State that opinion testimony does not establish any material fact as a matter of law. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345 (1948). Further, the judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not conclusive on the jury or trier of fact, unless the subject is one for experts or skilled witnesses alone, where the jury or court cannot properly be assumed to have or be able to form correct opinions of their own based upon evidence as a whole and aided by their own experience and knowledge of the subject of inquiry. *Coxson v. Atlanta Life Insurance Co.,* 142 Tex. 544, 179 S.W.2d 943 (1944).

The uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact unless that testimony is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. *Anchor Casualty Company v. Bowers,* 393 S.W.2d 168 (Tex.1965). The trier of fact has several alternatives available when presented with conflicting evidence. It may believe one witness and disbelieve others. *Ford v. Panhandle & Santa Fe Ry. Co.,* 151 Tex. 538, 252 S.W.2d 561 (1952). It may resolve inconsistencies in the testimony of any witness. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792

(1951). It may accept lay testimony over that of experts. *Muro v. Houston Fire & Casualty Insurance Co.,* 329 S.W.2d 326 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.).

Moreover, the trier of fact is afforded considerable discretion in evaluating opinion testimony on the issue of damages. We do not believe the subject of house repairs to be one for experts or skilled witnesses alone. *See Gonzalez v. City of Lancaster,* 675 S.W.2d 293 (Tex.Civ.App.—Dallas 1984, no writ). Additionally, there are circumstances in evidence tending to discredit McFarland's testimony. He testified that he did not see the house until almost two years after the leaking problems began and he, therefore, could not testify as to the cost of repairs needed in 1979. McFarland's repair estimate also included $22,617.66 for "unseen items." This testimony certainly raised a question concerning McFarland's credibility and was for the trier of fact to pass upon. *Anchors Casualty Company v. Bowers,* 393 S.W.2d at 170.

McFarland's testimony was only opinion evidence and did not conclusively establish the cost of repairs as a matter of law. The trial judge can form his own opinion from other evidence and by utilizing his own experience and common knowledge. *Coffee v. City of Alvin,* 641 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Further, we hold that Slater's testimony constituted some evidence on the issue of damages. Thus, there was some evidence to support the trial court's finding of $12,500 in actual damages. It was within the trial judge's discretion to give credibility to Slater's testimony over that of McFarland. *See Shintech, Inc. v. Group Constructors, Inc.,* 688 S.W.2d 144 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Because we have held that McFarland's opinion testimony did not establish the cost of repairs as a matter of law, and because we have found that Slater's testimony constituted some evidence of proba-

tive force on the issue of the cost of repairs, the judgment of the court of appeals is reversed and this cause is remanded to that court for consideration of the Kuhlmanns' factual sufficiency point, which was sustained by the court of appeals without discussion. As we stated in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986), a court of appeals, when reversing on insufficiency grounds, should, in its opinion, detail the evidence relevant to the issue in consideration and clearly state why the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool* at 635.