**Henry H. KUHLMANN, III, et ux., Appellants,**

v.

**R.J. McGALLIARD, et ux., Appellees.**

**No. 09 85 096 CV.**

Court of Appeals of Texas, Beaumont.

June 18, 1987.

Rehearing Denied Aug. 12, 1987.

Lester R. Buzbee, III and Darrell K. McAlexander, Houston, for appellants.

John P. Venske, Gustafson & Venske, Houston, Stephen W. McClain, Conroe, for appellees.

**OPINION**

BURGESS, Justice.

This is a non-jury deceptive trade practices case. Mr. and Mrs. R.J. McGalliard sold their home in Montgomery County to Mr. and Mrs. Henry H. Kuhlmann. Sometime shortly after the sale, the Kuhlmanns began experiencing problems with water leakage during rain storms. The Kuhlmanns brought suit alleging various violations of the Deceptive Trade Practices-Consumer Protection Act, *TEX.BUS. & COM.CODE ANN. sec. 17.41 et seq..* The trial court found in favor of the Kuhlmanns and awarded actual damages of $12,500, which was then trebled, and attorney's fees.

This court, in an unpublished opinion, held that the trial court improperly disregarded the uncontroverted expert testimony that the cost to make the home "water tight" would be $113,088.31 and rendered judgment in that amount, which was to be trebled. The remainder of the trial court's judgment was affirmed. The previous opinion was based upon a determination that the only evidence produced as to the reasonable costs of repairs caused by the water damage was from an expert witness called by the Kuhlmanns. We thus concluded the trial court had erred. The Supreme Court held that the subject of house repairs is not to be for experts or skilled witnesses alone. They further held that "the trial judge can form his own opinion from other evidence and by utilizing his own experience and common knowledge." [1] They went on to state that there was some evidence to support the trial court's finding of $12,500 of actual damage and common knowledge. It has always been the law that a fact finder could use his common sense in evaluating the *evidence.* We have never allowed a fact finder to insert his own personal experience into a case. In fact,

---

1. These comments are placed as a footnote, but are in the nature of a "personal privilege" comment. Our Supreme Court now allows a trial judge to make decisions, not based solely upon the evidence, but based upon his own experi-

ages. *McGalliard v. Kuhlmann*, 722 S.W.2d 694 (Tex.1986).

The Supreme Court remanded the case to this court to determine the factual sufficiency point with an admonishment to comply with *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986). In light of the Supreme Court's opinion, in which they detailed the facts as they view them, we cannot hold that the judgment is against the great weight and preponderance of the evidence.[2] Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

we admonish jurors: "In arriving at your answers, consider only the evidence introduced here under oath ... you will not consider or discuss anything that is not represented by the evidence...." *TEX.R.CIV.P. 226a.* The Supreme Court has fashioned a double standard which handicaps both litigants and intermediate appellate courts. Litigants should now "voir dire" the judge or in some way try to determine if the judge has any personal experience in a particular subject matter which he may use to overcome evidence produced in the courtroom before opting for a bench trial. This is a difficult burden. It becomes an almost impossible burden when the intermediate appellate court is to review the evidence. In the past, we have been able to review the evidence solely introduced before the trial judge. Although there may be no evidence in the record of a particular fact, we are now forced to assume that the trial judge had some particular personal experience in the subject matter and thus had a basis for forming his judgment. This result is disturbing. Litigants should be secure in the knowledge that a judge will make a decision based solely upon the evidence. They must have confidence that a judge will *not* insert his own experiences into the litigation. Now, however, there is no such assurance.

2. As previously noted, this footnote is also more in the nature of a "personal privilege" comment. I personally believe the trial court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust when viewed solely on the evidence before the court. I do not view the facts to be as found by Justice Robertson. It would, however, be insulting and impertinent for this writer to disregard the facts as set out by Justice Robertson. I desire to be neither and thus accept the "box" nicely fashioned for this court.