NO. 07-06-0208-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
_____

DANNY VAUGHAN AND KATHLEEN VAUGHAN,

Appellants

v.

ROSS PHILLIPS d/b/a READY-BUILT HOMES AND
ON-SITE CONSTRUCTION,

Appellee
_____

FROM THE 110TH DISTRICT COURT OF BRISCOE COUNTY;

NO. 3100; HON. JOHN R. HOLLUMS, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This lawsuit involves the construction of a pre-built home by Ross Phillips /d/b/a Ready-Built Homes and On-Site Construction (Phillips) for Danny and Kathleen Vaughan (the Vaughans).[1]  When the Vaughans failed to pay Phillips the remainder due under the contract, he filed a lien against the property and sued for breach of contract.  The

---

[1]The majority of the home was assembled at Phillips' work site and then moved to property owned in the country by the Vaughans where it was completed.

Vaughans counterclaimed alleging that Phillips failed to build and complete the home in a good and workmanlike manner. Upon trial by a jury, judgment was entered effectively denying all litigants the recovery of monetary damages.[2] Both the Vaughans and Phillips perfected an appeal. We reverse and remand in part and affirm in part.

***Vaughans' Appeal***

*Issue One*

The Vaughans initially contend that the jury's answer to jury question two should be disregarded. That question pertained to the identity of the litigant who first breached the contract. The Vaughans believe that the answer should be disregarded because their opponent judicially admitted, via his pleadings, that their breach occurred after his. We overrule the issue.

Through jury issue one of the charge, the trial court asked the jury to determine who breached the construction contract. The choices given were Danny Vaughan, Kathleen Vaughan, and Phillips; furthermore, all three were found to have materially breached the agreement. Via the next question, the jury was asked to identify who materially breached first. It found that both Vaughans did. This answer should be disregarded, according to the Vaughans, because Phillips represented, in his live pleading that 1) "[o]n September 23, 2004, the Vaughans informed [him] that they would not allow [him] to continue construction," 2) he "fully performed his obligations under the Contract to the extent allowed by" the Vaughans, and 3) "the Vaughans prevented [his] completion of his work . . . by locking [him and his contractors] out" and representing that "no other work would be

_____

[2]The Vaughans were awarded an offset in the amount of $51,680 against what they owed to Phillips.

allowed by Phillips on the Houses." These averments purportedly constituted a judicial admission that the Vaughans did not breach the agreement until September 23, 2004, which date allegedly fell after the July 2004 conversation wherein Phillips stated that he was ceasing work.

That factual statements uttered in pleadings may constitute judicial admissions is beyond doubt. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (defining judicial admission as including factual statements in pleadings). Yet, to be such an admission, the utterance must be clear, deliberate, and unequivocal. *Id.* If so, then the admission pretermits the introduction of contrary evidence and relieves the jury from having to address whether the admitted fact actually arose or occurred. *Id.* With that in mind, we turn to the wording at issue and immediately note that it says nothing about anyone breaching the contract first. Nor do the words suggest the absence of any other breach committed by the Vaughans before September 23, 2004; indeed, any suggestion to the contrary would be quickly dispelled by Phillips' earlier averment regarding their failure to make payments per the agreement. And, this allegation about payment is of import given Phillips' characterization of the breach as encompassing both his inability to continue due to their action and their non-payment. So, when taken in context, we cannot say that the allegations considered to be admissions by the Vaughans clearly, deliberately and unequivocally illustrate that Phillips breached the contract first. So, those allegations did not bar the trial court from submitting question two to the jury.

*Issue Two*

Next, the Vaughans contend the trial court erred in denying them attorney's fees. They believed themselves entitled to same under §38.001 of the Civil Practice and Remedies Code and §53.156 of the Property Code. We overrule the issue.

As suggested by the Vaughans, a prevailing party may indeed recover attorney's fees under §38.001 of the Civil Practice and Remedies Code when suing upon a contract. TEX. CIV. PRAC. & REM. CODE ANN. §38.001(8) (Vernon 1997). And, they did allege causes of action against Phillips sounding in contract. However, the jury awarded them no damages, and this is fatal to their issue. *Green International v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997) (requiring the recovery of damages as a prerequisite to the recovery of attorney's fees under §38.001). And, we reject their proposition that because they need not pay Phillips the remainder of the contract price they were effectively awarded damages. The two are just not the same thing; escaping liability differs from obtaining affirmative monetary relief.

As for the request implicating the Property Code, §53.156 states that in a case to foreclose on a lien or to declare a lien invalid, "the court *may* award costs and reasonable attorney's fees as are equitable and just." TEX. PROP. CODE ANN. §53.156 (Vernon 2007) (emphasis added). By use of the word "may," however, the legislature made the award discretionary on the part of the trial court; simply put, it need not award costs of fees even to a prevailing party. *Texas Wood Mill Cabinets, Inc. v. Butler,* 117 S.W.3d 98, 107 (Tex. App.–Tyler 2003, no pet.); *World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 685 (Tex. App.–Fort Worth 1998, pet. denied). Given this, we cannot say that the trial court

4

erred in denying the Vaughans such fees at bar, especially since the jury found that they had indeed breached their contract with Phillips.

*Issue Three*

Finally, the Vaughans argue that the trial court erred in failing to submit a question to the jury on detrimental reliance as an independent basis for recovering damages. We overrule the issue.

Noticeably absent from the Vaughans' argument is citation to authority indicating that detrimental reliance is an independent cause of action entitling one to damages. This is especially troublesome because detrimental reliance normally does not constitute an independent cause of action entitling one to monetary recovery. *See University of Texas Sys. v. Courtney*, 946 S.W.2d 464, 468 (Tex. App.–Fort Worth 1997, writ denied) (stating that detrimental reliance is not an independent tort). Rather, authorities treat it as an equivalent to contractual promissory estoppel, *id.*, or as an element of promissory estoppel. *Ludman v. Pacific Southwest Bank, F.S.B.*, No. 05-96-01128-CV, 1998 Tex. App. LEXIS 7516 (Tex. App.–Dallas 1998, no pet.) (not designated for publication). Moreover, the Vaughans did not seek the submission of a question on promissory estoppel. Consequently, we cannot say that the trial court erred in submitting the question.

**Phillips' Appeal**

*Issue One*

In the first of two issues, Phillips contended that the jury's answer to a subsection of Question No. 4 lacked evidentiary support, and because it did, the ultimate answer provided by the jury was similarly deficient. We sustain the issue.

Through question four, the jury was asked to assess the amount of money that would compensate Phillips for the damages suffered from the Vaughans' breach of contract. Among the various indicia it was directed to consider in arriving at the sum was a provision asking the factfinder to determine the "reasonable and necessary cost of complet[ing]" the construction project. The jurors found that sum to be $51,680. Phillips questioned that finding since, in his view, no evidence appears of record illustrating that the work and charges upon which the sum was based were reasonable and necessary.

Completion costs must be reasonable and necessary to be recoverable. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.2d 195, 200 (Tex. 2004). Furthermore, evidence of what one paid or was charged to complete a project is no evidence that either the payment or charge was reasonable and necessary. *Id.* at 200-201. And, therein lies the problem here. The Vaughans proffered evidence that another contractor would charge them approximately $75,000 to repair the deficiencies in construction and complete the project. Yet, whether those charges were "reasonable" went undeveloped. The contractor did not so testify; nor did anyone else familiar with the repairs purportedly needed to be done. Again, the Vaughans merely tendered evidence of what one contractor would charge them. And, if *Mustang Pipeline* is to be followed, we cannot but conclude that such information constitutes no evidence of reasonableness.

On the other hand, we cannot agree with Phillips' proposition that he proved as a matter of law that the reasonable and necessary expense of completion equaled $2500. This is so because testimony appears of record illustrating that the work contemplated in deriving that sum omitted other work thought necessary by other witnesses. For instance,

6

witness Tillery opined that the home's foundation had to be repaired as well, but that task was omitted from the $2500 estimate provided by Phillips.[3] Thus, the jury was free to reject that sum as being indicative of the reasonable and necessary cost of completion.

Given that one of the several elements upon which the jury's answer to question four depended lacked evidentiary support, we must conclude that the ultimate answer was similarly deficient. And, because no evidence appears of record which would entitle us to determine the accurate sum as a matter of law, we have no choice but to remand the topic. So too must the issue of breach be remanded given that liability was disputed. TEX. R. APP. P. 44.1(b) (stating that an appellate court cannot remand solely on the issue of unliquidated damages if liability was disputed).

*Issue Two*

Through his second issue, Phillips contends that the trial court erred in denying him attorney's fees. Yet, in view of the record before us, we cannot say that he prevailed on any claim entitling him to such fees at this point. Consequently, we overrule the issue.

We reverse those portions of the judgment denying Phillips recovery against the Vaughans for breach of contract and according the Vaughans an offset of $51,680, remand the issues of whether the Vaughans breached the contract and the damages arising from the breach to the trial court, and affirm the remainder of the judgment.

Brian Quinn
Chief Justice

---

[3]While Tillery may not have been an "expert," as argued at trial, one need not always be an expert to proffer relevant information about the necessity of house repairs. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).