Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00308-CV 

                                                     __________

 

                                        IN
THE MATTER OF L.V.F.

 



 

                                           On
Appeal from the 2nd District Court

 

                                                       Cherokee
County, Texas

 

                                                 Trial
Court Cause No. J-05-098

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court found L.V.F. guilty of assault on a public servant by causing
bodily injury to a high school teacher and placed L.V.F. on community
supervision.  The State filed a motion to modify L.V.F.=s disposition; and the trial court found that
L.V.F. assaulted another student, tested positive for marihuana, and had been
suspended from school. The trial court modified L.V.F.=s disposition by ordering him to attend and
complete the Southwest Key Program.

The
State subsequently filed a second motion to modify contending that L.V.F. had
been discharged from the Southwest Key Program for noncompliance with resident
rules and regulations and that he had committed the offense of indecency with a
child.  The trial court found the State=s
allegations to be true and modified L.V.F.=s
disposition by committing him to the Texas Youth Commission.  We affirm.








L.V.F.
challenges this order with four issues contending that the evidence is legally
and factually insufficient to sustain the trial court=s indecency with a child finding.  We need not
address these issues, however, because L.V.F. is not challenging the trial
court=s finding that
he was discharged from the Southwest Key Program for noncompliance.  The trial
court had the authority to commit L.V.F. to the Texas Youth Commission if it
found by a preponderance of the evidence that he violated a reasonable and
lawful order of the court.  Tex. Fam.
Code Ann. ' 54.05(f)
(Vernon Supp. 2007).   L.V.F. was required by court order to attend and
complete the Southwest Key Program.  The trial court found that he failed to do
so.

The
trial court found that L.V.F. was discharged from the program for violating
multiple rules and regulations, including: committing or threatening physical
violence, leaving the facility without permission, and using abusive or obscene
language toward staff or peers.  Those findings are binding on us unless the
contrary is established as a matter of law or there is no evidence to support
the findings.  McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). 


Gwendolyn
Moore is a clinician and caseworker at Southwest Key Residential Treatment
Center.  She testified that L.V.F. was discharged for failing to follow program
rules.  According to Moore, L.V.F. walked out of the program; was violent,
argumentative, and confrontational; and used profane or abusive language.  This
is legally sufficient evidence to support the trial court=s finding.

Because
L.V.F. violated a reasonable and lawful order of the court, the trial court did
not abuse its discretion by modifying L.V.F.=s
disposition to commit him to the Texas Youth Commission.  L.V.F.=s issues are overruled, and
the judgment of the trial court is affirmed.

 

PER CURIAM

 

May 1, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.