# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00297-CV

**Darold E. Wingert, Roy Garnand and Charles Hernandez, Appellants**

**v.**

**Scenic Heights Subdivision Property Owners Association, Inc., Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C2006-1189C, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this subdivision property owners' dispute, the trial court granted declaratory and injunctive relief in favor of appellee Scenic Heights Property Owners Association, Inc. The trial court declared that the election of appellants Darold E. Wingert, Roy Garnand, and Charles Hernandez as officers of the Association that occurred in October 2006 was null and void, that any actions taken by appellants on behalf of the Association after the election were null and void, and that a subsequent meeting of Scenic Heights subdivision property owners in which the property owners purported to remove and elect directors of the Association was not legally effective. The trial court also permanently enjoined appellants from representing or acting on behalf of the Association as a result of the October election and awarded attorneys' fees to the Association.

In four issues, appellants contend that (1) the trial court abused its discretion in the handling of a second related suit, (2) the trial court erred in not allowing appellant Roy Garnand to

testify, (3) the trial court should have denied the restraining order in equity, and (4) the trial court erred by failing to apply Article 1396-2.15(D) of the Texas Non-Profit Corporation Act. For the reasons that follow, we affirm the judgment.

## BACKGROUND

The Association's bylaws, its annual membership meeting held in October 2006, and a December 2006 meeting of property owners of the Scenic Heights subdivision are at the center of the parties' dispute. The Association's bylaws authorize the members to elect directors and the directors to choose the officers, but the parties agree that the practice prior to the October 2006 meeting was for the members to elect the officers. The October meeting notice stated that the purposes of the meeting included electing new officers and directors and acting on whether to ratify propositions that the Association's board of directors had adopted by resolution. The third proposition included changing the Association's bylaws to authorize the members to elect the officers:

> Proposition THREE: Change the Bylaws of the Corporation specifying that officers are elected by general members and prohibiting multiple household family members from serving as officer or Board members in the same term, and granting the Board of Directors the power to recall or impeach a sitting officer for non-performance or dereliction of duty by a two thirds vote of the Board.

At the October meeting, the third proposition that would have authorized the members to elect the officers was tabled, but the members also elected Wingert, Garnand, and Hernandez as officers for the next term. The directors did not recognize the validity of the members' election of officers and, shortly after the October meeting, the Association's attorney sent written

2

notice to the officers that purportedly were elected, advising them that their election was not valid and that they were not authorized to act on behalf of the Association.

After receiving the notice from the Association's attorney, Wingert, as "President" of the Association, "fired" the attorney, filed a "Corrected Renewal of Deed Restrictions" in November 2006 on behalf of the Association, and sent notice to Association members of a special meeting scheduled for November 2006. Prior to the November meeting, the Association filed this suit seeking declaratory and injunctive relief against appellants for holding themselves out as officers and acting on behalf of the Association.[1] The trial court issued a temporary restraining order, enjoining appellants from acting on behalf of the Association and, after a hearing in December, issued a temporary injunction enjoining appellants from acting on behalf of the Association pending further order from the court.

After appellants were served with the temporary restraining order but before the trial on the merits in April 2007, two other events occurred. On December 9, 2006, property owners of the Scenic Heights subdivision held a meeting in which they purported to remove directors and officers of the Association and to elect new directors and officers and, on March 14, 2007, appellants' attorney Lawrence Harrison, representing directors of the Association—Christopher Hernandez, Heather Boag, and DeLisa Thomas—filed a separate suit and obtained an ex parte temporary restraining order against other directors and officers of the Association.[2] The temporary

---

[1] The Association also brought suit initially against director Heather Boag for refusing to turn over the "books and records of the corporation." She has returned the books and records to the Association and is not a party on appeal.

[2] In the second suit, Christopher Hernandez, Heather Boag, and DeLisa Thomas sought declaratory and injunctive relief against Michael Groves, Norris J. DeVoll, Jane Branham, Jay Bulman, June Bulman, and Dallas Henderson, other officers or directors of the Association.

3

restraining order in the second suit enjoined the individual defendants from "acting in any way to make any decisions or carry on any activity as a Director or Officer" of the Association. The parties in the second suit agreed to schedule the temporary injunction hearing at the same time as the bench trial in this cause.

The temporary injunction hearing in the second suit and the bench trial in this cause were both set for hearing at the same time in April 2007 before the Honorable Jack H. Robison. Admonishing appellants' attorney for failing to notify opposing counsel before obtaining the temporary restraining order in the second suit, Judge Robison held a conference in camera in which he called the judge who had issued the temporary restraining order in the second suit. During the conference, the judge who issued the temporary restraining order withdrew it as "null and void," and stated that he authorized Judge Robison to "shape it however [he] deem[ed] appropriate." Judge Robison thereafter *"sua sponte extinguished any effect"* of the temporary restraining order in the second suit. The parties in the second suit did not proceed with the temporary injunction hearing.

During the bench trial, the trial court took judicial notice of the temporary injunction hearing in this cause and heard additional testimony and arguments from the parties. The trial court entered judgment in the Association's favor, granting declaratory and injunctive relief and awarding attorney's fees to the Association. In the declaratory judgment and permanent injunction, the trial court's findings and conclusions included the following:

> 1. That the directors for the [Association] elected at the annual meeting of the Association held on October 21, 2006, as well as those serving who were elected at meetings of the Association held prior to October 21, 2006, were validly elected and are the proper persons charged with the responsibility of operating and running the Association in accordance with the terms of the By-Laws for the Association;

4

2. That the election of [appellants] as officers of the [Association], who were elected at the annual meeting of the Association held on October 21, 2006, was in contravention of the By-Laws of the Association, and such election was null and void and of no legal effect;

3. That any actions taken by [appellants] as officers of the [Association] after their election at the annual meeting held on October 21, 2006, specifically including the filing of the Corrected Renewal of Deed Restrictions, filed in the Comal County Deed Records on or about November 13, 2006, were null and void and of no legal effect;

4. That the meeting of property owners in Scenic Heights subdivision held on December 9, 2006 was not a lawful and proper business meeting of the [Association], so that nothing legally effective was accomplished at such meeting; . . . .

This appeal followed.

## ANALYSIS

In their first issue, appellants contend that the trial court abused its discretion in the handling of the second suit in which Christopher Hernandez, Heather Boag, and DeLisa Thomas, directors of the Association, obtained a temporary restraining order ex parte against other officers and directors of the Association. Appellants contend that the trial court "abused its discretion by bringing this matter into the case on the docket, threatening to sanction Appellants' attorney and then proceeding to take over questioning the witnesses making it a travesty to conduct any meaningful hearing." The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The fact that the trial court decided the issue differently than the reviewing court would have does not demonstrate an abuse of discretion. *Id.* Nor does a mere error in judgment rise to such a level. *Id.*

5

The temporary injunction hearing in the second suit was set on the same day and at the same time as the trial on the merits in this cause before the same judge. As the second case was also on its docket, the trial judge properly addressed it.[3] As to appellants' contention that the judge failed to conduct a fair trial by "tak[ing] over" the questioning of the witnesses, appellants failed to object at trial. Because they did not raise this issue at trial, they have not preserved any issue for our review. *See* Tex. R. App. P. 33.1. They also have not cited us to any authority or to evidence in the record to support their contention. *See* Tex. R. App. P. 38.1(h). We conclude that the trial court did not abuse its discretion in addressing the second suit or in addressing the witnesses in this bench trial. We overrule appellants' first issue.

In their second issue, appellants contend that the trial court erred in that "it refused to allow Roy Garnand to testify because he had not complied with discovery." Appellants contend that the trial court "did not properly apply" Texas Rule of Civil Procedure 193.6 because "the only exclusion is the matters not timely disclosed, not to exclude all testimony" and "[t]o not continue the cause under Rule 193.6(c) . . . left the [a]ppellants with no case to present." *See* Tex. R. Civ. P. 193.6(a), (c).[4] The Association objected to Garnand as well as "any witnesses on behalf of the

---

[3] As part of their first issue, appellants contend that the trial court erred in deciding that appellants' attorney violated Texas Rule of Civil Procedure 21 by not sending a copy of the application for a restraining order in the second suit to the Association's counsel. *See* Tex. R. Civ. P. 21. We have not found support in the record for appellants' contention. The trial court did take a "very dim view" of the conduct of appellants' counsel in not notifying opposing counsel of the second suit prior to obtaining the temporary restraining order ex parte because of the relationship between the two suits, but the parties agreed not to proceed with the temporary injunction hearing in the second suit, the two causes were not consolidated, the parties were not the same in the two causes, and no ruling in the second suit is before this Court on appeal. *See* Tex. R. App. P. 25.1(b).

[4] Rule 193.6(a) and (c) provide:

6

defense" from testifying because appellants failed to respond to interrogatories requesting appellants'

list of trial witnesses.  The trial court sustained the objection, concluding that appellants had rested

"by operation of law."

Rule 193.6(a) provides for the exclusion of evidence at trial when a party fails

to timely respond to discovery, but it does not preclude a party from offering the testimony of a

named party. *Id.* The Association in its briefing to this Court concedes that Garnand was "'a named

party,' whose testimony need not have been automatically excluded under [rule 193.6.]."

Appellants, however, did not object to the trial court's ruling that Garnand would not be allowed to

testify, they did not request a continuance, and they failed to make an offer of proof or otherwise

---

(a) *Exclusion of Evidence and Exceptions*.  A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

> (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

> (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

* * *

(c) *Continuance*.  Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response.

Tex. R. Civ. P. 193.6(a), (c).

make known to the trial court the substance of Garnand's excluded testimony. *See* Tex. R. Evid. 103(a)(2).[5] They have not preserved this issue for appellate review. *See* Tex. R. App. P. 33.1.

In any event, to reverse a judgment based on a claimed error in an evidentiary ruling, a party also must show that the error probably resulted in the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). Even if the trial court erred in excluding Garnand's testimony, appellants have not met this burden. *See* Tex. R. App. P. 44.1(a)(1). We overrule appellants' second issue.

In their third issue, appellants contend that the restraining order should have been denied "under equity grounds" because of the action of the Association's directors.[6] They contend that the actions of the directors during and after the October 2006 meeting should preclude the Association from "removing the appellants as officers." Appellants contend that had the directors been "operating fairly" they would have chosen the same officers that the members elected at the

---

[5] Texas Rule of Evidence 103(a)(2) provides:

(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

\* \* \*

(2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked.

Tex. R. Evid. 103(a)(2).

[6] The Association contends that the third issue should be denied because a temporary restraining order is not an appealable order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2007). We construe appellants' issue as directed to the permanent injunction that is subject to appeal, not to the temporary restraining order.

October meeting. Appellants do not cite any authority or evidence in the record that supports their contention that "equity" should have precluded injunctive relief. *See* Tex. R. App. P. 38.1(h). Appellants do not contend that the directors were obligated pursuant to the bylaws to choose the same officers that the members attempted to elect at the October meeting. Appellants also do not dispute that the members tabled the proposition that would have amended the bylaws to authorize the members to elect the Association's officers. We overrule appellants' third issue.

In their fourth issue, appellants contend that the trial court erred by not applying Article 1396-2.15(D) of the Texas Non-Profit Corporation Act. *See* Tex. Rev. Civ. Stat. Ann. art. 1396-2.15(D) (West 2003).[7] Appellants' fourth issue addresses the validity of the December 2006 meeting of purported members of the Association to remove and replace the directors. Appellants argue that because the articles of incorporation and bylaws of the Association do not address the removal of directors, Article 1396-2.15(D) sanctioned the removal of the directors at the December meeting. The directors were thus removed pursuant to article 1396-2.15(D) by "an affirmative vote equal to the vote necessary to elect the director[s]." *See id*.

---

[7] Article 1396-2.15(D) provides:

A director may be removed from office pursuant to any procedure therefor provided in the articles of incorporation or by-laws. In the absence of a provision providing for removal, a director may be removed from office, with or without cause, by the persons entitled to elect, designate, or appoint the director. If the director was elected to office, removal requires an affirmative vote equal to the vote necessary to elect the director.

Tex. Rev. Civ. Stat. Ann. art. 1396-2.15(D) (West 2003).

9

The Association contends and the trial court found that the December meeting was not effective to remove directors because the meeting was not a "lawful and proper business meeting" of the Association. The Association's bylaws authorize: (i) the members to elect directors by a vote of the members at a meeting; (ii) the annual and special meetings of the members to be called by either the president, the board of directors, or by written petition filed with the board of directors that is signed by at least one-tenth of the total membership; and (iii) the members present at the annual or special meetings to constitute a quorum for the transaction of business. The bylaws, however, require notice to the general membership of both annual and special meetings either in person or by mail.

There was testimony that the December meeting was called by written petition, but that the petition was not filed with the Association's board of directors as required under the bylaws and that the notice requirements for the meeting were not followed. This testimony supports the trial court's finding that the meeting was not "a lawful and proper business meeting of the [Association] so that nothing legally effective was accomplished at such meeting." *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (in non-jury trial, trial court as trier of fact is "sole judge of the credibility of the witnesses and the weight to be given to their testimony"). Because the meeting was not a "lawful and proper business meeting," the vote to remove the directors at the meeting was not "legally effective."[8] We overrule appellants' fourth issue.

---

[8] The Association also contends that the December meeting was invalid because there was no evidence that only dues paying members were allowed to vote at the meeting. Because we conclude that the December meeting was not a "lawful and proper business meeting," we need not address this additional argument for overruling appellants' fourth issue. *See* Tex. R. App. P. 47.1.

10

## CONCLUSION

Having overruled appellants' issues, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 16, 2008