NO. 07-08-0073-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 13, 2009
_____

THE STATE OF TEXAS,

Appellant

v.

1998 TOYOTA LAND CRUISER, OKLAHOMA TAG CMN-633
VIN JT3HT05J9W0007179,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 58,915-A; HON. HAL MINER, PRESIDING
_____

**DISSENT**

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Because I do not feel that the majority opinion has been properly deferential to the decisions of the trial court regarding the credibility of the testimony the trial court heard, I feel I must dissent. The trial court was the trier of fact and our review of the trial court's actions fall into one of three distinct issues. These issues are presented to reviewing courts in these situations: (1) issues questioning a trial court's determinations of historical

facts, which have support in the record, when the trial court's determination is based on an evaluation of credibility and demeanor; (2) issues questioning a trial court's application of law to fact questions, also known as mixed questions of law and fact, if the ultimate resolution of those questions turns on an evaluation of credibility and demeanor; and (3) issues questioning a trial court's determinations of mixed questions of law and fact not falling within the second category. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The first two of these categories are reviewed for abuse of discretion. Id. Mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor may be reviewed de novo by the appellate court. Id. De novo review does not embody the abuse of discretion standard of review. Id. Even when conducting a de novo review, however, an appellate court affords appropriate deference (abuse of discretion standard) to the trial court's findings on subsidiary factual questions. Id.

Further, for purposes of Fourth Amendment analysis, we give appropriate deference to the trial court's determination of historical facts, but we review the decision of the trial court *de novo* as to whether the historical facts, viewed from the standpoint of an objectively reasonable person so situated as was the police officer, amount to "reasonable suspicion" that the vehicle or a person in it has, is, or will be engaged in criminal activity. See Ornelas v. United States, 517 U.S. 690, 697, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Guzman, 955 S.W.2d at 89; Hernandez v. State, 13 S.W.3d 492, 505 (Tex.App.–Amarillo 2000), rev'd, 60 S.W.3d 106 (Tex.Crim.App. 2001).

In the case before the Court, the trial court made specific findings of fact and corresponding conclusions of law. Findings of fact entered in a case tried to the bench

2

have the same force and dignity as a jury's verdict upon questions.  <u>Anderson v. City of Seven Points</u>, 806 S.W.2d 791, 794 (Tex. 1991).  When findings of fact are filed and are unchallenged, as here, they occupy the same position and are entitled to the same weight as the verdict of a jury.  They are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding.  <u>McGalliard v. Kuhlmann</u>, 722 S.W.2d 694, 696 (Tex. 1986).  Accordingly, based upon the trial court's observation of the witnesses and his judgment of their credibility and believability, I am left with the trial court's decision that the facts did not amount to reasonable suspicion.  I would defer to the trial court's finding and affirm the judgment.


Mackey K. Hancock
Justice