

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00055-CV

**EAST TEXAS MEDICAL CENTER EMS
AND JEREMY COX,**

                                                             **Appellants**

 **v.**

**KATHY NIEVES,**

                                                             **Appellee**

From the 40th District Court
Ellis County, Texas
Trial Court No. 69987

## MEMORANDUM OPINION

Kathy Nieves sued Appellant Jeremy Cox for assault and sexual assault. She also sued Appellant East Texas Medical Center EMS (ETMC), her and Cox's employer, for sexual harassment, ratification, and negligent retention and supervision. A jury found for Nieves on all her claims, and the trial court entered judgment for her against Cox and ETMC, who have both appealed. While this appeal was pending, Nieves and ETMC resolved the judgment as to ETMC and have filed an agreed motion to dismiss, which we will address below. As to Cox's appeal, we will affirm.

**Cox's Appeal**

In issues one, two, and five, Cox asserts that the evidence is legally and factually insufficient to support the jury's finding that Cox assaulted and sexually assaulted Nieves and that he acted with malice toward Nieves. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 822 (Tex. 2005). There is legally insufficient evidence or "no evidence" of a vital fact when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). In reviewing the factual sufficiency of the evidence, we must consider and weigh all of the evidence, not just the evidence that supports the verdict. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406-07 (Tex. 1998); *Checker Bag Co. v. Washington*, 27 S.W.3d 625, 633 (Tex. App.—Waco 2000, pet. denied). We will set aside the finding only if it is so contrary to the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Ellis*, 971 S.W.2d at 407.

The charge set out the following elements for assault:

> A person commits an assault if he (1) intentionally, knowingly or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or

knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.

The jury question on sexual assault included the following on consent:

A sexual assault is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence;

(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat; or

(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist.

Cox, a paramedic, and Nieves, an EMT, worked three 24-hour shifts together. As for the assault claim, Nieves testified that Cox tried to hold her hand in the ambulance, pushed her up against a wall and tried to kiss her, and grabbed her on the buttocks. She said that these behaviors were unwanted and that she communicated that to Cox. Nieves did not report this conduct to her superiors until after sexual harassment allegations had been made against her.

As for the sexual assault, Cox had just spent two days in jail after being arrested for assaulting his wife, who was having an affair. Nieves said that Cox showed up at her apartment uninvited. Nieves testified that, after talking for a while, Cox put his hand on her shoulder, pushed her down to the floor and on her back, and, while holding both her wrists above her head, began to have intercourse with her. Nieves said, "No, please don't," but did not fight off Cox. She stared out the window, waiting

for it to be over. Nieves felt numb, wanted to forget it had happened, and did not want to tell anyone about. She did not tell anyone about it until a few days later, when she was being investigated for sexual harassment.

Cox said that he called Nieves after getting out of jail and told her he was coming to her apartment, and she gave him directions. She invited him in when he arrived. While she was sitting at her computer, he began to give her a neck and back rub. Nieves moved to the floor, and Cox continued the back rub. He then removed her pants and underwear, performed oral sex on her, and then had intercourse with her. He said that the sex was consensual, that Nieves appeared to enjoy it, and that she never asked him to stop.

In complaining about the sufficiency of the evidence, Cox points out that Nieves and Cox worked a shift together the next day and did not act like someone who had been sexually assaulted. Nieves said that she worked the shift because she was out of sick days and did not want to have to tell anyone why she did not want to work with Cox. Cox also points to electronic pages that Nieves had sent to Cox before the alleged sexual assault and asserts that they show Nieves was romantically interested in Cox and that Cox's version is thus more credible. Nieves, however, testified about the context of the pages and explained how, in the context in which she sent them, they were not romantic. Instead, she was trying to just be friends with Cox and fit in with him and her other male co-workers, some of whom she says she sent pages to as well.

Cox, citing to *City of Keller v. Wilson*, asserts that we must consider the entire context, circumstances, conversations, writings, acts, and relationships between the

parties in reviewing the sufficiency of the evidence. *City of Keller,* 168 S.W.3d at 811-12.

We agree, but we may not intrude on the jury's credibility determinations.

> [W]e must not substitute our opinion on witness credibility for that of the jury. *Id.* at 816-17.

> Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another. Reviewing courts cannot impose their own opinions to the contrary.

> Most credibility questions are implicit rather than explicit in a jury's verdict. Thus, reviewing courts must assume jurors decided all of them in favor of the verdict if reasonable human beings could do so. Courts reviewing all the evidence in a light favorable to the verdict thus assume that jurors credited testimony favorable to the verdict and disbelieved testimony contrary to it.

> …

> Of course, "[t]he jury's decisions regarding credibility must be reasonable." Jurors cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. And as noted above, they are not free to believe testimony that is conclusively negated by undisputed facts. But whenever reasonable jurors could decide what testimony to discard, a reviewing court must assume they did so in favor of their verdict, and disregard it in the course of legal sufficiency review.

> *Id.* at 819-20 (footnotes and citations omitted).

*Hunter v. Ford Motor Co.,* 305 S.W.3d 202, 206 (Tex. App.—Waco 2009, no pet.).

And in a factual-sufficiency review,

> We must also remember that it is within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Brush v. Reata Oil & Gas Corp.,* 984 S.W.2d 720, 725-26 (Tex. App.—Waco 1998, pet. denied). The trier of fact may believe one witness and disbelieve another. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex. 1986). It may resolve inconsistencies in the testimony of a witness, and it may accept lay testimony over that of experts. *Id.* We may not pass upon

> a witness's credibility or substitute our judgment for that of the jury, even if the evidence might clearly support a different result. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex. 1998) (citing *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634 (Tex. 1986)).

*Id.* at 206-07 (quoting *O'Connor v. Wilson,* 127 S.W.3d 249, 254 (Tex. App.—Waco 2003, pet. denied)).

By their verdict, obviously, the jury believed Nieves and did not believe Cox, and it was not unreasonable for the jury to do so, based on all the evidence. The evidence is legally and factually sufficient to support the jury's assault and sexual assault findings. And by finding that Cox assaulted and sexually assaulted Nieves, the jury's malice finding against Cox is also supported by legally and factually sufficient evidence. We overrule issues one, two, and five.

In issue four, Cox complains that the evidence is legally and factually insufficient to support the jury's answer to Question 10, which awarded Nieves $750,000 in damages for past physical pain and mental anguish and $250,000 in future physical pain and mental anguish. Cox asserts that Nieves did not offer any evidence that she was harmed by Cox's assaults (as opposed to the sexual assault.) As for the sexual assault, Nieves testified that it made her feel "overwhelmed" and unable to answer the door even for her children. She felt numb and empty and tried to repress the sexual assault. She was afraid that if anyone heard about it, they would not be willing to work with her.

She would not let anyone in her apartment, see anyone, or get out of bed. She felt anger, embarrassment, and humiliation; she felt violated and still had a fear of

letting a male other than her husband or children into her house, including her father-in-law. She sometimes kept her children home from school because of her fear of being alone. Nieves said she has problems leaving the house, cannot be around people, and avoids interaction. She missed all of her son's soccer games, except for one, and even then had to watch from the truck. Nieves testified that she is sad because she feels her fears cause her to shortchange her family and miss out on things. She sometimes has feelings of worthlessness and flashbacks of the events, and she has nightmares and trouble sleeping. When she pictures in her mind the assault, she sometimes feels sick to her stomach and shakes.

We find that the evidence is legally and factually sufficient to support the jury's damage findings. Issue four is overruled.

Issue three complains that because Question 10 was submitted in broad form as to Nieves's two claims against Cox and her negligent retention and supervision claim against ETMC, the compensatory damages cannot be upheld if the evidence for any one underlying claim is legally or factually insufficient. But we have held that sufficient evidence supports the assault and sexual assault claims, and the negligence claim against ETMC is no longer before us. Moreover, Cox did not object to the broad-form submission of Question 10 and its lack of segregation as to the three claims. *See In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003); *Haskett v. Butts,* 83 S.W.3d 213, 219-20 (Tex. App.—Waco 2002, pet. denied); *Columbia/HCA Healthcare Corp. v. Cottey,* 72 S.W.3d 735, 747 (Tex. App.—Waco 2002, no pet.). Issue three is overruled.

The jury (and the judgment) awarded Nieves $50,000 in exemplary damages

against Cox. In issue six, Cox asserts, similar to issue three, that because the exemplary damages question was not segregated, if either the assault or sexual assault claim is overturned, the exemplary damages award must be reversed. Again, we have held that sufficient evidence supports the assault and sexual assault claims, and Cox did not object to the lack of segregation in the exemplary damages question. Issue six is overruled.

Issue seven asserts that because the compensatory damages question was not segregated between Cox and ETMC, a ratio analysis cannot be done to determine whether the exemplary damages award is excessive under due-process concerns. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 418, 123 S.Ct. 1513, 1520, 155 L.Ed.2d 585 (2003). We note again that Cox did not object to Question 10. Furthermore, the $50,000 exemplary damages award, compared to the $1 million in compensatory damages awarded to Nieves against Cox (jointly and severally) for assault and sexual assault, cannot be said to violate due process. Issue seven is overruled. Having overruled all of Cox's issues, we affirm the trial court's judgment as to Cox.

## ETMC's Appeal

In an agreed motion by ETMC and Nieves, the parties informed the Court that they have resolved this matter, and they jointly request this Court (1) to dismiss the appeal of ETMC, with each side bearing their own costs, (2) to set aside the trial court's judgment as to ETMC without regard to the merits of Nieves's claims, (3) to direct the trial court to dismiss with prejudice all claims brought against ETMC, with each party bearing their own costs, and (4) to order a discharge of all obligations of the surety,

SAFECO Insurance Company of America, and of ETMC on the supersedeas bond and the release of the supersedeas bond. *See* TEX. R. APP. P. 42.1(a)(2)(B).

We grant the motion in part. We set aside the trial court's November 28, 2008 judgment only as to ETMC without regard to the merits and with each party to bear its own costs in this appeal. We remand the cause only as to ETMC to the trial court for dismissal with prejudice of all claims brought against ETMC by Nieves, with each party to bear its own costs, and for an order of discharge of all obligations of the surety, SAFECO Insurance Company of America, and of ETMC on the supersedeas bond and the release of the supersedeas bond.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed in part; set aside and remanded in part
Opinion delivered and filed December 29, 2010