**AFFIRM; and Opinion Filed October 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00455-CV

**KIMBERLEY PETTIGREW, Appellant**
**V.**
**MEGAN REEVES & BRIANA TROY, Appellees**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-03642-2011**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Brown

Appellant Kimberley Pettigrew and appellees Megan Reeves and Briana Troy signed a one-year residential lease on a house in Plano. A few months into the lease term, Pettigrew moved out of the house and stopped paying her share of the rent. Acting pro se, appellees sued Pettigrew for breach of contract. After a trial before the court, the court ruled in favor of appellees. Pettigrew challenges the legal and factual sufficiency of the evidence supporting the court's finding that a contract existed between the parties requiring each to pay a share of the rent. Because the evidence showed the parties had an implied contract to share the rental obligation, we affirm.

Pettigrew, Reeves, and Troy entered into a residential lease with a landlord, Michael Martin, on a house in Plano. All three women signed the lease agreement as tenants and agreed to pay Martin $1,250 per month in rent. The lease required the tenants to pay the rent each

month "by one payment." The term of the lease was from August 1, 2010 to July 31, 2011. It is undisputed that Pettigrew moved out of the house in December 2010 and paid her share of the rent through January 2011. In February, she made a partial payment and then made no further payments.

Appellees sued Pettigrew in justice court, seeking $2,176 for unpaid rent. After the justice court ruled in appellees' favor, Pettigrew appealed that judgment to the county court for a trial de novo. At the trial before the court, appellees offered a copy of the signed lease agreement into evidence, as well as other documents, including copies of emails, instant messages, and bank statements, and Troy testified briefly. In June 2010, via instant message, Pettigrew and Troy discussed living together and whether Pettigrew could pay the rent. Pettigrew stated she could "easily pay the rent." Troy testified that, most months, Reeves wrote the check to pay the landlord. Bank statements showed check deposits into a certain bank account, one of which was written in late October 2010 by a Samuel Pettigrew payable to Reeves for $459 for "Nov rent & electricity."

In January 2011, Troy emailed their landlord Martin to inform him that Pettigrew had moved back to Austin to live with her parents and to inquire about having Pettigrew's name taken off the lease. Martin replied that before he could replace the existing lease with a new one with just appellees on it, he needed a notarized document signed by all three tenants. Plaintiffs' Exhibit 7 was a February 14, 2011 letter from Troy to Pettigrew indicating that appellees had changed their minds about having Pettigrew taken off the lease. They sought to have Pettigrew pay reduced rent of $250 each remaining month of the lease term, instead of "the contracted amount, $396." Troy attached the proposed agreement to the letter, but did not receive a response from Pettigrew.

Pettigrew presented evidence that after she moved out, she and appellees had discussed taking her off the lease, making appellees solely responsible for the rental payments going forward. Troy emailed such an agreement to Pettigrew and informed her that the agreement needed to be signed and notarized. Pettigrew offered into evidence a copy of the agreement signed by her, but not signed by either appellee or notarized.

The court ruled in favor of appellees, ordering that they recover $2,152 from Pettigrew, plus court costs and post-judgment interest. The court made the following finding of fact, among others:

> [Pettigrew and appellees], on August 1, 2010, contracted with each other for the purpose of renting a house. The contract between [Pettigrew and appellees] required each party to pay a specific portion of the rent. [Pettigrew's] portion of the rent amounted to $358.67 for each month. The contract between [Pettigrew and appellees] was a separate agreement from the Lease Agreement, which was signed later in the day.

In her sole issue in this appeal, Pettigrew contends the evidence is insufficient to support the court's finding that a contract existed between her and appellees requiring each to pay a portion of the rent. She maintains that because the only signed document offered as evidence at trial was the lease agreement between the parties and their landlord, there was no evidence of a contract between Pettigrew and appellees.[1] Pettigrew also complains that there is nothing in the record to support the court's finding that her portion of the rent was $358.67 per month. We disagree.

On an issue where the opposing party bears the burden of proof, we sustain a legal sufficiency challenge to an adverse finding if our review of the evidence demonstrates a complete absence of a vital fact, or if the evidence offered is no more than a scintilla. *Burbage v.*

---

[1] In a footnote in her appellate brief, Pettigrew asserts that any contract between the parties to share the rental obligation needed to be in writing because the contract could not have been performed within a one-year period. *See* TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (West 2009). By failing to plead the statute of frauds as an affirmative defense, however, Pettigrew waived it as a defense. *See* TEX. R. CIV. P. 94. Further, the lease agreement, and thus any corresponding agreement to share the rent, was for a term of exactly one year, not longer. The cited provision of the statute of frauds is inapplicable.

*Burbage*, No. 12-0563, 2014 WL 4252274, at *8 (Tex. Jan. 20, 2014); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). More than a scintilla exists when the evidence would enable reasonable and fair-minded people to reach different conclusions. *Burbage*, at *8. We consider the evidence in the light most favorable to the judgment, "crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* (quoting *City of Keller*, 168 S.W.3d at 807). When a party attacks the factual sufficiency of the evidence on an adverse finding on an issue upon which the other party had the burden of proof, she must show the evidence is insufficient to support the finding. We must consider and weigh all the evidence, and we should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Here, although appellees did not present evidence of an express contract between them and Pettigrew, there was evidence of an implied contract. An implied contract can arise from the acts and conduct of the parties. *Harrison v. Williams Dental Group, P.C.*, 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004, no pet.). An implied contract exists when the facts and circumstances show a mutual intention to contract. *Id.* Every contract requires a meeting of the minds, but such a meeting can be implied from and evidenced by the parties' conduct and course of dealing. *Id.*

The acts and conduct of Pettigrew and appellees support the conclusion that an implied contract existed between them at the start of the lease term. It is undisputed that they entered into a residential lease together, each agreeing to pay a total of $1,250 in rent per month, and that each paid her share of the rent for several months. Appellees presented evidence that Pettigrew's share of the rent was $396 per month. While it is unclear from our record how the court reached its finding that Pettigrew's share of the rent amounted to $358.67 per month, there was evidence

–4–

her share was greater than that amount. Appellees sought $2,176 in damages — $396 per month for the five months of March through July 2011, plus $196 for the unpaid portion of February's rent. The trial court awarded appellees $2,152 ($358.67 x six months), $24 less than they sought and their evidence proved. As a general rule, a reviewing court will not interfere with the fact finder's determination of the amount to award as damages if there is any probative evidence to sustain the award. *David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 837 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). We conclude there is more than a scintilla of evidence to support a finding that a contract existed between the parties to each pay a share of the monthly rent for the term of the lease and that Pettigrew's monthly share amounted to $358.67.

Further, the trial court made a separate finding that appellees had been damaged in the amount of $2,152. Pettigrew has not challenged this finding on appeal. This unchallenged finding is binding on this Court. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (unchallenged finding is binding on appellate court unless contrary is established as matter of law or no evidence to support it). Consequently, Pettigrew's contention that the evidence does not support a monthly amount of $358.67 is immaterial because the unchallenged finding on the total amount of damages supports the judgment.

Turning to Pettigrew's factual sufficiency argument, the document she offered to show she had been released in January 2011 from further obligations under the lease was not executed by all three parties. After considering all the evidence, the trial court's judgment is not so contrary to the overwhelming weight of the evidence as to be clearly wrong. We overrule Pettigrew's sole issue on appeal.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

120455F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KIMBERLEY PETTIGREW, Appellant

No. 05-12-00455-CV      V.

MEGAN REEVES & BRIANA TROY,
Appellees

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-03642-2011.
Opinion delivered by Justice Brown. Justices
O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MEGAN REEVES & BRIANA TROY recover their costs of this appeal from appellant KIMBERLEY PETTIGREW.

Judgment entered this 22nd day of October, 2014.