TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00297-CV






Darold E. Wingert, Roy Garnand and Charles Hernandez, Appellants


v.


Scenic Heights Subdivision Property Owners Association, Inc., Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT

NO. C2006-1189C, HONORABLE JACK H. ROBISON, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 

 In this subdivision property owners' dispute, the trial court granted declaratory
and injunctive relief in favor of appellee Scenic Heights Property Owners Association, Inc. The
trial court declared that the election of appellants Darold E. Wingert, Roy Garnand, and
Charles Hernandez as officers of the Association that occurred in October 2006 was null and void,
that any actions taken by appellants on behalf of the Association after the election were null and
void, and that a subsequent meeting of Scenic Heights subdivision property owners in which the
property owners purported to remove and elect directors of the Association was not legally effective. 
The trial court also permanently enjoined appellants from representing or acting on behalf of the
Association as a result of the October election and awarded attorneys' fees to the Association.

 In four issues, appellants contend that (1) the trial court abused its discretion in the
handling of a second related suit, (2) the trial court erred in not allowing appellant Roy Garnand to
testify, (3) the trial court should have denied the restraining order in equity, and (4) the trial court
erred by failing to apply Article 1396-2.15(D) of the Texas Non-Profit Corporation Act. For the
reasons that follow, we affirm the judgment.


BACKGROUND

 The Association's bylaws, its annual membership meeting held in October 2006, and
a December 2006 meeting of property owners of the Scenic Heights subdivision are at the center of
the parties' dispute. The Association's bylaws authorize the members to elect directors and the
directors to choose the officers, but the parties agree that the practice prior to the October 2006
meeting was for the members to elect the officers. The October meeting notice stated that
the purposes of the meeting included electing new officers and directors and acting on whether to
ratify propositions that the Association's board of directors had adopted by resolution. The third
proposition included changing the Association's bylaws to authorize the members to elect
the officers:


 Proposition THREE: Change the Bylaws of the Corporation specifying that officers
are elected by general members and prohibiting multiple household family members
from serving as officer or Board members in the same term, and granting the Board
of Directors the power to recall or impeach a sitting officer for non-performance or
dereliction of duty by a two thirds vote of the Board. 



 At the October meeting, the third proposition that would have authorized the
members to elect the officers was tabled, but the members also elected Wingert, Garnand, and
Hernandez as officers for the next term. The directors did not recognize the validity of the members'
election of officers and, shortly after the October meeting, the Association's attorney sent written
notice to the officers that purportedly were elected, advising them that their election was not valid
and that they were not authorized to act on behalf of the Association.

 After receiving the notice from the Association's attorney, Wingert, as "President"
of the Association, "fired" the attorney, filed a "Corrected Renewal of Deed Restrictions" in
November 2006 on behalf of the Association, and sent notice to Association members of a special
meeting scheduled for November 2006. Prior to the November meeting, the Association filed this
suit seeking declaratory and injunctive relief against appellants for holding themselves out as officers
and acting on behalf of the Association. (1) The trial court issued a temporary restraining order,
enjoining appellants from acting on behalf of the Association and, after a hearing in December,
issued a temporary injunction enjoining appellants from acting on behalf of the Association pending
further order from the court.

 After appellants were served with the temporary restraining order but before the trial
on the merits in April 2007, two other events occurred. On December 9, 2006, property owners of
the Scenic Heights subdivision held a meeting in which they purported to remove directors and
officers of the Association and to elect new directors and officers and, on March 14, 2007,
appellants' attorney Lawrence Harrison, representing directors of the Association--Christopher
Hernandez, Heather Boag, and DeLisa Thomas--filed a separate suit and obtained an ex parte
temporary restraining order against other directors and officers of the Association. (2) The temporary
restraining order in the second suit enjoined the individual defendants from "acting in any way to
make any decisions or carry on any activity as a Director or Officer" of the Association. The parties
in the second suit agreed to schedule the temporary injunction hearing at the same time as the bench
trial in this cause.

 The temporary injunction hearing in the second suit and the bench trial in this cause
were both set for hearing at the same time in April 2007 before the Honorable Jack H. Robison. 
Admonishing appellants' attorney for failing to notify opposing counsel before obtaining the
temporary restraining order in the second suit, Judge Robison held a conference in camera in which
he called the judge who had issued the temporary restraining order in the second suit. During
the conference, the judge who issued the temporary restraining order withdrew it as "null and void,"
and stated that he authorized Judge Robison to "shape it however [he] deem[ed] appropriate." 
Judge Robison thereafter "sua sponte extinguished any effect" of the temporary restraining order in
the second suit. The parties in the second suit did not proceed with the temporary injunction hearing.

 During the bench trial, the trial court took judicial notice of the temporary injunction
hearing in this cause and heard additional testimony and arguments from the parties. The trial court
entered judgment in the Association's favor, granting declaratory and injunctive relief and awarding
attorney's fees to the Association. In the declaratory judgment and permanent injunction, the trial
court's findings and conclusions included the following:


 1. That the directors for the [Association] elected at the annual meeting of the
Association held on October 21, 2006, as well as those serving who were elected at
meetings of the Association held prior to October 21, 2006, were validly elected and
are the proper persons charged with the responsibility of operating and running the
Association in accordance with the terms of the By-Laws for the Association;


 2. That the election of [appellants] as officers of the [Association], who were elected
at the annual meeting of the Association held on October 21, 2006, was in
contravention of the By-Laws of the Association, and such election was null and void
and of no legal effect;


 3. That any actions taken by [appellants] as officers of the [Association] after their
election at the annual meeting held on October 21, 2006, specifically including the
filing of the Corrected Renewal of Deed Restrictions, filed in the Comal County
Deed Records on or about November 13, 2006, were null and void and of no legal
effect;


 4. That the meeting of property owners in Scenic Heights subdivision held on
December 9, 2006 was not a lawful and proper business meeting of the [Association],
so that nothing legally effective was accomplished at such meeting; . . . . 



This appeal followed. 



ANALYSIS

 In their first issue, appellants contend that the trial court abused its discretion in the
handling of the second suit in which Christopher Hernandez, Heather Boag, and DeLisa Thomas, 
directors of the Association, obtained a temporary restraining order ex parte against other officers
and directors of the Association. Appellants contend that the trial court "abused its discretion by
bringing this matter into the case on the docket, threatening to sanction Appellants' attorney and then
proceeding to take over questioning the witnesses making it a travesty to conduct any meaningful
hearing." The test for an abuse of discretion is whether the trial court acted without reference to
any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). The fact that the trial court decided the issue differently than the reviewing court would
have does not demonstrate an abuse of discretion. Id. Nor does a mere error in judgment rise to such
a level. Id.

 The temporary injunction hearing in the second suit was set on the same day and at
the same time as the trial on the merits in this cause before the same judge. As the second case was
also on its docket, the trial judge properly addressed it. (3) As to appellants' contention that the judge
failed to conduct a fair trial by "tak[ing] over" the questioning of the witnesses, appellants failed to
object at trial. Because they did not raise this issue at trial, they have not preserved any issue for our
review. See Tex. R. App. P. 33.1. They also have not cited us to any authority or to evidence in the
record to support their contention. See Tex. R. App. P. 38.1(h). We conclude that the trial court did
not abuse its discretion in addressing the second suit or in addressing the witnesses in this bench
trial. We overrule appellants' first issue.

 In their second issue, appellants contend that the trial court erred in that "it refused
to allow Roy Garnand to testify because he had not complied with discovery." Appellants contend
that the trial court "did not properly apply" Texas Rule of Civil Procedure 193.6 because "the only
exclusion is the matters not timely disclosed, not to exclude all testimony" and "[t]o not continue
the cause under Rule 193.6(c) . . . left the [a]ppellants with no case to present." See Tex. R. Civ. P.
193.6(a), (c). (4) The Association objected to Garnand as well as "any witnesses on behalf of the
defense" from testifying because appellants failed to respond to interrogatories requesting appellants'
list of trial witnesses. The trial court sustained the objection, concluding that appellants had rested
"by operation of law."

 Rule 193.6(a) provides for the exclusion of evidence at trial when a party fails
to timely respond to discovery, but it does not preclude a party from offering the testimony of a
named party. Id. The Association in its briefing to this Court concedes that Garnand was "'a named
party,' whose testimony need not have been automatically excluded under [rule 193.6.]." 
Appellants, however, did not object to the trial court's ruling that Garnand would not be allowed to
testify, they did not request a continuance, and they failed to make an offer of proof or otherwise
make known to the trial court the substance of Garnand's excluded testimony. See Tex. R. Evid.
103(a)(2). (5) They have not preserved this issue for appellate review. See Tex. R. App. P. 33.1.

 In any event, to reverse a judgment based on a claimed error in an evidentiary ruling,
a party also must show that the error probably resulted in the rendition of an improper judgment. 
See Tex. R. App. P. 44.1(a)(1); Interstate Northborough P'ship v. State, 66 S.W.3d 213, 220
(Tex. 2001). Even if the trial court erred in excluding Garnand's testimony, appellants have not met
this burden. See Tex. R. App. P. 44.1(a)(1). We overrule appellants' second issue.

 In their third issue, appellants contend that the restraining order should have been
denied "under equity grounds" because of the action of the Association's directors. (6) They contend
that the actions of the directors during and after the October 2006 meeting should preclude the
Association from "removing the appellants as officers." Appellants contend that had the directors
been "operating fairly" they would have chosen the same officers that the members elected at the
October meeting. Appellants do not cite any authority or evidence in the record that supports their
contention that "equity" should have precluded injunctive relief. See Tex. R. App. P. 38.1(h). 
Appellants do not contend that the directors were obligated pursuant to the bylaws to choose the
same officers that the members attempted to elect at the October meeting. Appellants also do not
dispute that the members tabled the proposition that would have amended the bylaws to authorize
the members to elect the Association's officers. We overrule appellants' third issue.

 In their fourth issue, appellants contend that the trial court erred by not applying
Article 1396-2.15(D) of the Texas Non-Profit Corporation Act. See Tex. Rev. Civ. Stat. Ann. art.
1396-2.15(D) (West 2003). (7) Appellants' fourth issue addresses the validity of the December 2006
meeting of purported members of the Association to remove and replace the directors. Appellants
argue that because the articles of incorporation and bylaws of the Association do not address the
removal of directors, Article 1396-2.15(D) sanctioned the removal of the directors at the December
meeting. The directors were thus removed pursuant to article 1396-2.15(D) by "an affirmative vote
equal to the vote necessary to elect the director[s]." See id.

 The Association contends and the trial court found that the December meeting was
not effective to remove directors because the meeting was not a "lawful and proper business
meeting" of the Association. The Association's bylaws authorize: (i) the members to elect directors
by a vote of the members at a meeting; (ii) the annual and special meetings of the members to be
called by either the president, the board of directors, or by written petition filed with the board of
directors that is signed by at least one-tenth of the total membership; and (iii) the members present
at the annual or special meetings to constitute a quorum for the transaction of business. The bylaws,
however, require notice to the general membership of both annual and special meetings either in
person or by mail.

 There was testimony that the December meeting was called by written petition, but 
that the petition was not filed with the Association's board of directors as required under the bylaws
and that the notice requirements for the meeting were not followed. This testimony supports
the trial court's finding that the meeting was not "a lawful and proper business meeting of the
[Association] so that nothing legally effective was accomplished at such meeting. " See McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986) (in non-jury trial, trial court as trier of fact is "sole
judge of the credibility of the witnesses and the weight to be given to their testimony"). Because the
meeting was not a "lawful and proper business meeting," the vote to remove the directors at the
meeting was not "legally effective." (8) We overrule appellants' fourth issue.


CONCLUSION

 Having overruled appellants' issues, we affirm the trial court's judgment.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: July 16, 2008

1. The Association also brought suit initially against director Heather Boag for refusing to
turn over the "books and records of the corporation." She has returned the books and records to the
Association and is not a party on appeal.
2. In the second suit, Christopher Hernandez, Heather Boag, and DeLisa Thomas sought
declaratory and injunctive relief against Michael Groves, Norris J. DeVoll, Jane Branham,
Jay Bulman, June Bulman, and Dallas Henderson, other officers or directors of the Association.
3. As part of their first issue, appellants contend that the trial court erred in deciding that
appellants' attorney violated Texas Rule of Civil Procedure 21 by not sending a copy of the
application for a restraining order in the second suit to the Association's counsel. See Tex. R. Civ.
P. 21. We have not found support in the record for appellants' contention. The trial court did take
a "very dim view" of the conduct of appellants' counsel in not notifying opposing counsel of the
second suit prior to obtaining the temporary restraining order ex parte because of the relationship
between the two suits, but the parties agreed not to proceed with the temporary injunction hearing
in the second suit, the two causes were not consolidated, the parties were not the same in the two
causes, and no ruling in the second suit is before this Court on appeal. See Tex. R. App. P. 25.1(b).
4. Rule 193.6(a) and (c) provide:


 (a) Exclusion of Evidence and Exceptions. A party who fails to make, amend, or
supplement a discovery response in a timely manner may not introduce in evidence
the material or information that was not timely disclosed, or offer the testimony of
a witness (other than a named party) who was not timely identified, unless the court
finds that:


 (1) there was good cause for the failure to timely make, amend, or
supplement the discovery response; or


 (2) the failure to timely make, amend, or supplement the discovery
response will not unfairly surprise or unfairly prejudice the other
parties.


* * *


 (c) Continuance. Even if the party seeking to introduce the evidence or call the
witness fails to carry the burden under paragraph (b), the court may grant a
continuance or temporarily postpone the trial to allow a response to be made,
amended, or supplemented, and to allow opposing parties to conduct discovery
regarding any new information presented by that response.


Tex. R. Civ. P. 193.6(a), (c).
5. Texas Rule of Evidence 103(a)(2) provides:


 (a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which
admits or excludes evidence unless a substantial right of the party is affected, and


* * *

 

 (2) Offer of Proof. In case the ruling is one excluding evidence, the
substance of the evidence was made known to the court by offer, or
was apparent from the context within which questions were asked.


Tex. R. Evid. 103(a)(2).
6. The Association contends that the third issue should be denied because a temporary
restraining order is not an appealable order. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(West Supp. 2007). We construe appellants' issue as directed to the permanent injunction that is
subject to appeal, not to the temporary restraining order.
7. Article 1396-2.15(D) provides:


 A director may be removed from office pursuant to any procedure therefor provided
in the articles of incorporation or by-laws. In the absence of a provision providing
for removal, a director may be removed from office, with or without cause, by the
persons entitled to elect, designate, or appoint the director. If the director was elected
to office, removal requires an affirmative vote equal to the vote necessary to elect the
director.


Tex. Rev. Civ. Stat. Ann. art. 1396-2.15(D) (West 2003).
8. The Association also contends that the December meeting was invalid because there was
no evidence that only dues paying members were allowed to vote at the meeting. Because we
conclude that the December meeting was not a "lawful and proper business meeting," we need not
address this additional argument for overruling appellants' fourth issue. See Tex. R. App. P. 47.1.