NO. 07-08-0073-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 13, 2009

______________________________



THE STATE OF TEXAS, 



                                                                                                 Appellant



v.



1998 TOYOTA LAND CRUISER, OKLAHOMA TAG CMN-633 

VIN JT3HT05J9W0007179, 



                                                                                                 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 58,915-A; HON. HAL MINER, PRESIDING

_______________________________



DISSENT
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 
          Because I do not feel that the majority opinion has been properly deferential to the
decisions of the trial court regarding the credibility of the testimony the trial court heard, I
feel I must dissent. The trial court was the trier of fact and our review of the trial court’s
actions fall into one of three distinct issues. These issues are presented to reviewing
courts in these situations: (1) issues questioning a trial court’s determinations of historical
facts, which have support in the record, when the trial court’s determination is based on an
evaluation of credibility and demeanor; (2) issues questioning a trial court’s application of
law to fact questions, also known as mixed questions of law and fact, if the ultimate
resolution of those questions turns on an evaluation of credibility and demeanor; and (3)
issues questioning a trial court’s determinations of mixed questions of law and fact not
falling within the second category. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App.
1997). The first two of these categories are reviewed for abuse of discretion. Id. Mixed
questions of law and fact that do not turn on an evaluation of credibility and demeanor may
be reviewed de novo by the appellate court. Id. De novo review does not embody the
abuse of discretion standard of review. Id. Even when conducting a de novo review,
however, an appellate court affords appropriate deference (abuse of discretion standard)
to the trial court’s findings on subsidiary factual questions. Id.
          Further, for purposes of Fourth Amendment analysis, we give appropriate deference
to the trial court’s determination of historical facts, but we review the decision of the trial
court de novo as to whether the historical facts, viewed from the standpoint of an
objectively reasonable person so situated as was the police officer, amount to “reasonable
suspicion” that the vehicle or a person in it has, is, or will be engaged in criminal activity. 
See Ornelas v. United States, 517 U.S. 690, 697, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996);
Guzman, 955 S.W.2d at 89; Hernandez v. State, 13 S.W.3d 492, 505 (Tex.App.–Amarillo
2000), rev’d, 60 S.W.3d 106 (Tex.Crim.App. 2001). 
          In the case before the Court, the trial court made specific findings of fact and
corresponding conclusions of law. Findings of fact entered in a case tried to the bench
have the same force and dignity as a jury’s verdict upon questions. Anderson v. City of
Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). When findings of fact are filed and are
unchallenged, as here, they occupy the same position and are entitled to the same weight
as the verdict of a jury. They are binding on an appellate court unless the contrary is
established as a matter of law or there is no evidence to support the finding. McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). Accordingly, based upon the trial court’s
observation of the witnesses and his judgment of their credibility and believability, I am left
with the trial court’s decision that the facts did not amount to reasonable suspicion. I would
defer to the trial court’s finding and affirm the judgment.




Mackey K. Hancock

Justice