# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00038-CV

**Jimmy Anderson Jarrett, Appellant**

**v.**

**Sherry Shook and Lester A. Vaughan, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 10-009-C368, HONORABLE PHILLIP ZEIGLER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Jimmy Anderson Jarrett appeals from a judgment rendered against him after a jury found that his negligence caused an automobile accident in which Sherry Shook, a passenger in a vehicle driven by Lester A. Vaughan, was seriously injured. Jarrett challenges the legal and factual sufficiency of the evidence supporting the jury's finding that his negligence was solely responsible for the accident. Jarrett also asserts that the trial court erred by denying his motion for judgment non obstante veredicto and his motion for new trial. We will affirm.

## BACKGROUND

Shook was a passenger in the back seat of Vaughan's vehicle when it was involved in a collision with Jarrett's vehicle. Jarrett, who had been traveling south on South Mays Street in Round Rock, had come to a stop at the intersection of South Mays Street and East Logan Street. Intending to make a left turn onto Logan, Jarrett's vehicle was stopped in the intersection waiting

for oncoming traffic to clear. Vaughan's vehicle was traveling north on South Mays Street. Jarrett's and Vaughan's vehicles collided when Jarrett started to make his left turn and was hit by Vaughan. Shook was taken by ambulance to Seton Hospital where she remained for 22 days before being discharged to continue her recovery at home.

Thereafter, Shook sued Jarrett alleging that his negligence proximately caused her injuries. Jarrett filed a general denial and a third-party petition against Vaughan asserting that Vaughan's negligence contributed to the accident and seeking contribution or indemnity from Vaughan in the event liability was assessed against him. The case was tried to a jury. Question No. 1 of the jury charge asked: "Did the negligence, if any, of any of those named below proximately cause the occurrence in question?" The jury answered "Yes" as to Jarrett and "No" as to Vaughan. Having answered "Yes" to only one of the two, the jury did not answer Question No. 2 of the charge, which asked: "With respect to causing or contributing to cause in any way the occurrence in question, find the percentage of responsibility, if any, attributable as between or among [Jarrett and Vaughan.]" As a result, the trial court rendered judgment that Jarrett pay all of Shook's damages resulting from the accident—$552,171.151. Jarrett then perfected this appeal.

## DISCUSSION

In his first issue, Jarrett contends that the evidence was legally and factually insufficient to support the jury's finding that his negligence alone proximately cause the accident and that Vaughan's did not. Jarrett asserts that the evidence was insufficient to support a finding that he was solely responsible for Shook's injuries. In his view, Vaughan was also negligent and such negligence contributed to the accident.

2

When, as here, a party attacks the legal sufficiency of the evidence supporting an adverse finding on an issue on which he had the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Corp. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)). The reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Dow Chem. Corp.*, 46 S.W.3d at 241. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Corp.*, 46 S.W.3d at 241. We will sustain a legal-sufficiency challenge only if the contrary proposition was conclusively established. *Id.*

In a factual-sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998). A party attacking the factual sufficiency of the evidence supporting an adverse finding on which he had the burden of proof must demonstrate that the finding is against the great weight and preponderance of the evidence. *Dow Chem. Corp.*, 46 S.W.3d at 242. We set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). We may not substitute our judgment for that of the trier of fact or pass on the credibility of the witnesses. *See Maritime Overseas Corp.*, 971 S.W.2d at 407. When presented with conflicting evidence, the trier of fact may

3

believe one witness and disbelieve others and may resolve inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

### *Legal sufficiency*

We begin our legal-sufficiency review by reviewing the record for evidence that supports the jury's failure to find that Vaughan's "negligence, if any, [] proximately caused" the accident. We will ignore all evidence to the contrary unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 827. Jarrett testified:

> [O]nce I got to the turning lane, the light was green and I inched out. There was—I remember only seeing one car coming which was Mr. Vaughan's. Other than that, there wasn't much traffic. So I inched out into the intersection. While I was out there, the light turned yellow. I noticed a car in the turning lane on Logan. And I looked over to make sure, you know, I had a clear path to turn. And then I waited a couple of more seconds, and I seen the car. It was a pretty good ways back. I thought it was going to stop. And once the light turned red, I went ahead and made my turn, and that's when the collision happened.

After the accident, Jarrett was ticketed for failing to yield the right-of-way.

Vaughan testified that as he approached the intersection and came to the edge of it he glanced up and saw that the light was yellow. He stated that he was traveling at the posted speed limit and was not trying to "beat a yellow light or beat a red," but instead was simply going through the intersection on a caution light. According to Vaughan, he never saw the van sitting in the intersection when "all of a sudden" the van was in front of him. Vaughan testified that he did not have time to hit his brakes and did not honk because he "was expecting to go right through the intersection" and did not have any reason to honk. Contrary to Jarrett's argument, Vaughan's

4

testimony provides some evidence that Vaughan acted with ordinary prudence and therefore constitutes legally sufficient evidence to support the jury's finding that Vaughan was not negligent. The jury could have reasonably inferred that Vaughan's conduct did not violate any standard of care and was not negligent. Having found some evidence to support the jury's failure to find Vaughan negligent, we need not conduct the second prong of the legal-sufficiency analysis, i.e., determining whether an examination of the entire record reveals that the converse of the jury finding was conclusively established. *See Dow Chem. Corp.*, 46 S.W.3d at 241-42.

### *Factual sufficiency*

We next consider Jarrett's factual-sufficiency challenge to Question No. 1. In doing so, we consider and weigh all the evidence, both supporting and contradicting the finding, and determine whether the jury's failure to find Vaughan negligent is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Pool*, 715 S.W.2d at 635. Jarrett points to evidence that Vaughan did not brake before the collision, did not swerve to avoid the accident, and did not see Jarrett's van in the intersection. He contends that this is overwhelming evidence of Vaughan's negligence. However, in order for Vaughan to be charged with the duty of taking the evasive actions Jarrett describes, and therefore to be negligent in failing to take them, he would have had to foresee that Jarrett would fail to yield the right of way and would make an illegal left turn in front of him. There was no evidence that Vaughan could have expected or anticipated that Jarrett would turn in front of him. Nor was there evidence that Vaughan should have foreseen or predicted that Jarrett would fail to yield the right of way. *See Salinas v. Briggs Ranches*, 350 S.W.3d 218, 227 (Tex. App.—San Antonio 2011, no pet.) (no duty imposed when conduct

5

causing accident was not foreseeable); *Foster v. Denton Indep. Sch. Dist.*, 73 S.W.3d 454, 465 (Tex. App.—Fort Worth 2002, no pet.) (test for foreseeability is what one should, under the circumstances, reasonably anticipate as consequence of his or her conduct).

Moreover, while Jarrett testified that Vaughan could have avoided the accident, Vaughan testified that he did not have time to brake and did not see the vehicle in the intersection. The jury finding indicates that it reached the conclusion that Vaughan could not reasonably have avoided hitting Jarrett's vehicle. Jarrett essentially asks us to substitute our opinion for that of the jury by finding his testimony more credible than Vaughan's. We may not, however, pass on the witnesses' credibility or substitute our judgment for that of the jury. *See Pool*, 715 S.W.2d at 634. We conclude that the evidence supporting the jury's finding that Vaughan's negligence, if any, did not proximately cause the accident was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We hold the evidence is factually sufficient to support the judgment. We overrule Jarrett's first appellate issue.

In his second issue, Jarrett contends that the trial court erred by failing to grant his motion for judgment non obstante veredicto and his motion for new trial. In his motion for judgment non obstante veredicto, Jarrett asked the trial court to disregard the jury's answer to Question No. 1 and render judgment that Vaughan was at least partly responsible for the accident. In the motion for new trial, Jarrett asserted that the trial court should order a new trial for the same reasons he asserts in support of his factual- and legal-sufficiency challenges to Question No. 1. Because we have already concluded that the evidence is both factually and legally sufficient in this regard, we hold that the trial court did not abuse its discretion by denying the motions. Accordingly, we

6

overrule Jarrett's second issue. Because of our disposition of the first two issues, we need not address the third issue, in which Jarrett argues that on remand of the cause, both liability and damages must be re-tried.

## CONCLUSION

The evidence was legally and factually sufficient to support the jury's finding that Vaughan was not responsible for causing the collision with Jarrett. The trial court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   September 27, 2012