**TIGUA GENERAL HOSPITAL, INC., et al., Appellants,**

v.

**Harry FEUERBERG, M.D., et al., Appellees.**

**No. 08–82–00218–CV.**

Court of Appeals of Texas, El Paso.

Dec. 22, 1982.

Appellees' Rehearing Denied Jan. 19, 1983.

Raymond C. Caballero, Royal Furgeson, Kemp, Smith, Duncan & Hammond, Barbara Masse, El Paso, for appellants.

Colbert N. Coldwell, Guevara, Rebe & Bauman, El Paso, Malcolm McGregor, El Paso, Brice A. Tondre, McFarland & Tondre, Houston, for appellees.

Before PRESSLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from an order granting a temporary injunction. The individual Appellee is a physician specializing in radiology. He obtained a temporary injunction prohibiting the Appellants from refusing to renew or in any way interfering with his medical staff privileges at Tigua General Hospital, Inc., a privately owned and operated institution. We reverse the order of the trial court and dissolve the temporary injunction.

A problem with the record first confronts us. The proof before us consists of the sworn pleadings and various affidavits. There is no agreement by the parties before us permitting the use of such proof in this proceeding as required by the Supreme Court in *Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683 (Tex.1968). *See: Rogers v. Howell,* 592 S.W.2d 402 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Although the Appellants present numerous "no evidence" and "insufficient evidence" points, they, along with the Appellees, treat the various instruments as being legitimate proof of the facts therein contained. We will follow suit and treat the deficiency as having been waived.

The Appellant Tigua General Hospital, Inc. is a privately owned osteopathic hospital operated for profit. The capital stock of the hospital is owned equally by Drs. Behrens, Candelaria, and Hayes, the last two being Appellants herein. These three

shareholders of the hospital comprise the Board of Directors of the corporation as well as the Board of Governors of the hospital. The hospital is managed by its Board of Directors and Board of Governors and by Appellant Hospital Management Company, Inc. Appellant Louis O. Garcia is an employee of Hospital Management Company, Inc., and acted as administrator of the Tigua General Hospital at all times under consideration. The Appellee Harry Feuerberg, M.D., individually and in his capacity as a professional association, is a medical doctor certified as a radiologist by the American Board of Radiology. He began practicing in the radiology department at the Tigua General Hospital in April, 1981. Appointments to the professional staff of the hospital are made by the Board of Governors upon recommendation of the professional staff and are made for a period of one year or until the end of the fiscal year of the hospital, whichever occurs first. The fiscal year of Tigua General Hospital ends on June 30 annually. Dr. Feuerberg's application for full clinical privileges at the hospital was granted on August 20, 1981, and, by operation of the bylaws of the hospital, his medical staff privileges expired on June 30, 1982.

The procedure for appointment of professional staff members provided in the hospital bylaws requires that the application for the professional staff privileges be referred to a credentials committee of the professional staff which reviews the applications and reports to the professional staff as a whole. The professional staff then recommends to the Board of Governors that the application be accepted, rejected or deferred. The Board of Governors either accepts the staff recommendation or refers it back to the staff for further consideration, stating the reasons for its action. The Board of Governors then takes final action on the application, and, if the Board of Governors' decision is to refuse the application, it is required to so notify the applicant and the professional staff and give its reasons for such refusal. The refused applicant would then be entitled to a hearing, and the Administrator of the hospital would be required to notify the applicant of such rights. After that, the decision of the Board of Governors concerning the professional staff application becomes final. Under the corporate and hospital bylaws, the professional staff is subject to the ultimate authority of the Board of Governors.

We omit any reference to a written contract, since the existence of same was denied by the individual Appellee. Regardless of that, it is clear that this Appellee, by the spring of 1982, found himself in the middle of an internal dispute involving the owners of the capital stock of the hospital in their various capacities as members of the Board of Governors and of the professional staff. As stated, Dr. Behrens is a one-third owner of the capital stock, one of the three-member Board of Governors, and Chief of Staff of the hospital. At the request of Dr. Behrens and of Drs. Wright and Monroe, the latter two being on the staff, Dr. Feuerberg was given staff membership at the Tigua Hospital. Since his membership, he practiced exclusively at Tigua, with the greatest part of his practice being referrals from Drs. Behrens, Wright and Monroe. Drs. Candelaria and Hayes, who own two-thirds of the stock of the hospital, are the two other members of the Board of Governors and have control of that Board. Competitive animosity developed between Drs. Candelaria and Hayes on the one hand and Drs. Behrens, Wright and Monroe on the other. It is apparent that Drs. Candelaria and Hayes desired to terminate the staff privileges of Dr. Feuerberg at the hospital. They started complaining about him in the spring of 1982. Regardless of that, in June, 1982, Dr. Feuerberg applied for renewal of his medical staff privileges at the hospital. In accordance with the bylaws, the professional staff of the hospital recommended that Dr. Feuerberg's staff privileges be renewed. On June 23, the Board of Governors considered the professional staff's recommendation, and disagreeing with the staff recommendations, and in accordance with the bylaws, referred the application back to the professional staff for further consideration. On June 30, 1982, the medi-

cal staff met to reconsider Dr. Feuerberg's application at the request of the Board of Governors. The recommendation of the professional staff remained unchanged. The Board of Governors was scheduled to make its final decision concerning Dr. Feuerberg's application on July 2, and it was apparent that the Board would deny the staff privileges. Before the meeting was held, Dr. Feuerberg filed his suit and secured a temporary restraining order prohibiting the Appellants from in any way interfering with his medical staff privileges. After a hearing on the temporary injunction, injunctive relief was granted prohibiting the Appellants from refusing to renew or in any way interfering with those medical staff privileges at Tigua General Hospital.

In a hearing on an application for a temporary injunction, the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury. He is not required to establish that he will finally prevail in the litigation. *Transport Company of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953). Our review of an order granting a temporary injunction is limited to a determination of whether there has been an abuse of discretion in granting the injunction. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). The trial court abuses its discretion when the law is misapplied to established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *State v. Southwestern Bell Telephone Company,* 526 S.W.2d 526 (Tex.1975).

Where a hospital excludes or discriminates against a physician or surgeon applying for or seeking to maintain staff membership, the subsequent treatment of the problem by the courts depends primarily upon whether the hospital involved is a public or private institution, and it is generally held that a private hospital acts at its own discretion and that its decisions are not subject to judicial review. *See:* Annot., 37 A.L.R.3d 645, 649, 659 (1971); Hospital Liability, 32 Baylor L.Rev. 175, 183 (1980). Texas follows the rule that the exclusion of a physician from staff privileges is a matter which ordinarily rests with the discretion of the management authorities and is not subject to judicial review. *Weary v. Baylor University Hospital,* 360 S.W.2d 895 (Tex. Civ.App.—Waco 1962, writ ref'd n.r.e.); *Charter Medical Corporation v. Miller,* 605 S.W.2d 943 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Hodges v. Arlington Neuropsychiatric Center, Inc.,* 628 S.W.2d 536 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In summary, in the area of private hospitals those cases have held that the doctor in this State has no cause of action against a private hospital for the termination of staff privileges even where the action of the hospital was arbitrary and capricious or where common law rights to procedural or substantive due process were violated. In this situation, the final authority to terminate a doctor-staff privilege rests with the Board of Governors.

The Appellees argue that an extraordinary basis justifying the Court's intervention with its temporary injunction is present here, in that a fiduciary duty is owed by the two majority stockholders and directors and that the Appellees are entitled to maintain or uphold that fiduciary duty. Just how the Appellees can be owed this duty or how they are in a position to maintain it is not explained, and we reject the argument.

No basis has been pled or proven which established that the Appellees had a probable right of recovery and having failed to establish a probable right of recovery, there has been no showing that the Appellees would suffer an irreparable injury.

We sustain the Appellants' Points of Error Nos. One through Three inclusive and Six through Ten inclusive. We overrule Points of Error Nos. Four and Five. We do not reach the balance. The judgment of the trial court granting the temporary injunction is reversed and is here ordered dissolved.