

# NUMBER 13-13-00027-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MADHAVEN PISHARODI, M.D.,**                                                    **Appellant,**

**v.**

**SUSAN ANDREWS, INDIVIDUALLY AND IN
HER PROFESSIONAL CAPACITY OF CEO
OF VALLEY REGIONAL MEDICAL CENTER,**                              **Appellee.**

### On appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Madhaven Pisharodi, M.D., files this accelerated appeal from an order

denying his request for injunctive relief against appellee Susan Andrews, individually and

in her professional capacity of chief executive officer (CEO) of Valley Regional Medical

Center (Hospital).[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2011); *City of Houston v. Woolley*, 51 S.W.3d 850, 851 (Tex. App.—Corpus Christi 2001, no pet.).  By one issue, Dr. Pisharodi contends the trial court erred when it refused him relief for lack of jurisdiction.  We affirm.

## I.  BACKGROUND

On November 27, 2012, Dr. Pisharodi filed his "Original Petition, Application for Temporary Restraining Order & Injunctive Relief" against Andrews.  In his application, Dr. Pisharodi requested a temporary restraining order (TRO) and a temporary injunction to enjoin a December 3, 2012 Fair Hearing that was part of the Hospital's medical review process involving Dr. Pisharodi.[2]  He requested temporary equitable relief in order to prepare for the Fair Hearing.  On November 28, 2012, without a hearing, the trial court issued a TRO.  It also set Dr. Pisharodi's application for a temporary injunction for hearing on December 12, 2012.

On December 11, 2012, Andrews responded to Dr. Pisharodi's application, asserting, among other things, "[t]he TRO should not be extended and no further injunctive relief should be granted" because "Dr. Pisharodi presented no evidence that he is in imminent danger of irreparable harm as is required for a temporary restraining order." *See Operation Rescue-Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 554 (Tex. 1998)

---

[1] In this appeal, appellant is referred to as Madhavan Pisharodi, M.D. and as Madhaven Pisharodi, M.D.  Because the order from which this appeal is taken identifies appellant as Madhaven Pisharodi, M.D., we will do likewise.

[2] The Hospital provides the following description of a Fair Hearing:  it is part of a multi-stage medical peer review process available to a physician under the Hospital's Medical Staff Bylaws by which the physician can appeal an adverse recommendation relating to his privileges.  In this case, Dr. Pisharodi asked the Medical Executive Committee (MEC) to investigate the care of a patient by another physician.  While conducting that review, the MEC made an adverse recommendation regarding Dr. Pisharodi's clinical privileges based on his alleged actions involving the medical records of this patient.  Dr. Pisharodi requested a Fair Hearing to contest the adverse recommendation.

2

("A prerequisite for injunctive relief is the threat of imminent harm."). In addition, Andrews urged that the trial court should defer to the judgment of medical professionals in self-regulating their peers and that the exclusion of a physician from staff privileges is not subject to judicial review.[3] See *Walls Reg'l Hosp. v. Altaras*, 903 S.W.2d 36, 41–47 (Tex. App.—Waco 1994, orig. proceeding); *see also Winston v. Am. Med. Intervention, Inc.,* 930 S.W.2d 945, 956 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Tigua Gen. Hosp. v. Feuerberg*, 645 S.W.2d 575, 578 (Tex. App.—El Paso 1982, writ dism'd w.o.j.).

In his original petition filed with his application for injunctive relief, Dr. Pisharodi claimed that he had a cause of action under section 160.012 of the Texas Medical Practice Act (TMPA) and sought declaratory relief. *See* TEX. OCC. CODE ANN. § 160.012(a)–(b) (West 2004). The relevant subsections of section 160.012 provide as follows:

> (a) A person may not suspend, terminate, or otherwise discipline or discriminate against a person who reports to the board under this subtitle.
>
> (b) A person has a cause of action against a health care entity, or an owner or employee of a health care entity that suspends or terminates the employment of the person or otherwise disciplines or discriminates against the person for reporting to the board under Section 160.002, 160.003, or 160.004.

*Id.* Dr. Pisharodi alleged in his petition that he filed a report with the board requesting

---

[3] Andrews also asserted that the trial court should defer to the Hospital's Medical Staff Bylaws. According to Andrews, article VII, section (2)(b)(i) of the Bylaws provides as follows: "when an adverse ruling is made with respect to his or her Staff appointment, Staff status, and/or clinical privileges, he or she will exhaust the administrative remedies afforded by these Bylaws before resorting to formal legal action." Andrews claimed that, through this section, each physician seeking clinical privileges at the Hospital agrees to and is required to exhaust his administrative remedies before seeking judicial relief. Andrews claimed that Dr. Pisharodi specifically agreed to comply with the Bylaws when he re-applied for privileges in 2011. To the extent Andrews now contends that Dr. Pisharodi should have exhausted his remedies before filing suit because of the above-referenced Bylaw and his reapplication process, that argument has not been developed in any detail on appeal and has not been supported with citations to the record and authority. *See* TEX. R. APP. P. 38.1(i).

peer review of another physician and that the Hospital's response to his report was to discipline him. He claimed that the Hospital's action was in violation of section 160.012. *See id.*

Andrews responded to Dr. Pisharodi's claim, arguing that he could not complain under the TMPA because he had made no report to the Texas Medical Board, as required by the statute. *See id.* (providing a cause of action for a person against a health care entity that disciplines the person for reporting to the board); *id.* § 151.002(a)(1) (West Supp. 2011) (defining "Board" as "the Texas Medical Board"). Andrews also asserted immunity with regard to the substance of Dr. Pisharodi's claims.

On December 12, 2012, with all parties present, the trial court held a hearing on Dr. Pisharodi's application for a temporary injunction. That same day, the TRO expired by its own terms, and the trial court declined to rule on Dr. Pisharodi's request for further injunctive relief. Instead, the court asked the parties to submit briefs on whether it had authority to intervene in the Hospital's peer review process.

On December 17, 2012, the trial court held a second hearing, and on December 19, 2012, the trial court entered an order specifically dissolving the TRO and denying Dr. Pisharodi's request for further injunctive relief. The trial court entered no order of dismissal. On January 11, 2013, the trial court filed its findings of fact and conclusions of law. Dr. Pisharodi timely appealed from the December 19 order.

## II. DISCUSSION

### A. The Order From Which This Appeal Is Taken

As a threshold matter we must determine what is before us in this appeal. Dr. Pisharodi claims that the order from which he appeals dismissed his entire lawsuit on

4

subject-matter jurisdiction grounds.   We disagree.

Dr. Pisharodi acknowledges that he has appealed from the trial court's December 19, 2012 order.   That order simply stated that "[t]he [TRO] previously entered in this case is dissolved" and "[a]ll of Plaintiff's requests for further injunctive relief are denied."   The order did not dismiss Dr. Pisharodi's lawsuit on jurisdiction grounds or on any other basis. As Andrews set out in her sur-reply brief, this December 19 order does not dispose of Dr. Pisharodi's Texas Medical Practice Act claim or his request for declaratory relief.   There are matters still before the trial court.   What is before this Court, then, is an interlocutory appeal from the trial court's order denying injunctive relief.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2011).

## B.    Jurisdiction

By his sole issue, Dr. Pisharodi contends that the trial court incorrectly concluded that it did not have jurisdiction to grant injunctive relief in this case.   At the December 17 hearing on Dr. Pisharodi's request for injunctive relief, the trial court stated on the record that "[t]he court feels it does not have jurisdiction"; however, ultimately we cannot agree that this was the basis for the trial court's ruling.

In general, a temporary injunction is an extraordinary remedy and does not issue as a matter of right.   *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993).   The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits.   *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. Sup. 2002).   To obtain a temporary injunction, the applicant must ordinarily plead and prove the following three specific elements:   (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in

5

the interim. *Id.* The applicant is not required to establish that he will prevail on final trial; rather, the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits. *Walling*, 863 S.W.2d at 58.

In its findings of fact, the trial court found, among other things, the following:

> 18. Dr. Pisharodi's Application for TRO alleged that he will suffer irreparable injury to his career, reputation[,] and livelihood but failed to identify what act or event would cause the irreparable injury. Dr. Pisharodi's Application for TRO failed to include any allegations as to the type, scope, or nature of the injury he was in imminent danger of suffering. Dr. Pisharodi's Application for TRO failed to include any evidence as to the type, scope, or nature of the injury he was in imminent danger of suffering. His application for TRO specifically failed to include any allegation of the nature, type, or scope of injury he would suffer if the Fair Hearing took place on December 3, 2012.

By this finding, the trial court determined that Dr. Pisharodi did not establish the elements required to obtain injunctive relief. *See id.*

Dr. Pisharodi did not challenge this finding, and we are bound by it unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). In this case, Dr. Pisharodi did not provide evidence of a probable, imminent, and irreparable injury in the interim. *See id.* Instead, it is undisputed that at the time of the hearing nothing had been decided regarding discipline, suspension, or termination because the peer review process was ongoing. So this unchallenged finding of fact is binding on this Court. *See id.*

Based on the above, we disagree that the trial court denied injunctive relief because it lacked jurisdiction to do so. Accordingly, we overrule Dr. Pisharodi's sole issue.

## C. Other Contentions

Dr. Pisharodi also contends that "[a]n evidentiary hearing was not conducted by

the trial court concerning the merit[s] of the equitable relief [he sought]" and asks that this Court remand this matter to the trial court for a proper evidentiary hearing. Dr. Pisharodi does not develop this contention, and he does not support it with appropriate citations to authority and to the record; thus, we conclude that it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Dr. Pisharodi also claims that "[h]e was entitled to an evidentiary hearing on the merit[s] of his suit." This contention, as well as other arguments in his brief, go to the merits of his lawsuit. Because those arguments are not necessary to the final disposition of this interlocutory appeal, we need not address them. *See id.* at R. 47.1.

### III. CONCLUSION

We affirm the order of the trial court denying injunctive relief. Having affirmed the trial court's order, we lift our January 23, 2013 stay of the Hospital's medical peer review proceedings against Dr. Pisharodi.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
8th day of August, 2013.

7