# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00200-CV

**Robert Mendez d/b/a A-1 Bonding Company, Surety, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 5203, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Robert Mendez d/b/a A-1 Bonding Company (Mendez) appeals the trial court's judgment awarding $5,000 plus court costs to the State of Texas in a bond-forfeiture suit. We will affirm the district court's judgment.

### BACKGROUND

Suits for bond forfeiture are governed by chapter 22 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 22.01-.18. Under article 22.02, a bond may be forfeited when a defendant has posted bond but fails to appear in court as required. *Id*. art. 22.02. Specifically, when the defendant fails to appear within a reasonable time after called by name at the courthouse door, the trial court enters a judgment providing "that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which

they are respectively bound." *Id*. This judgment, referred to as a judgment nisi, must also state that it will be made final, unless good cause is shown for why the defendant did not appear. *Id*. At a later hearing to finalize the bond forfeiture, "[t]he essential elements of the State's cause of action . . . are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Alvarez v. State*, 861 S.W.2d 878, 880-81 (Tex. Crim. App. 1992).

In this case, Vallery Tokola, the principal, was arrested for misdemeanor criminal trespass, and Mendez, the surety, filed a bond conditioned on Tokola's subsequent appearance. On January 7, 2010, Tokola failed to appear in court as required. On February 1, 2010, in accordance with chapter 22, the trial court issued a judgment nisi for $5,000 and declared the bond forfeited.

Upon notifying Mendez of the bond-forfeiture proceedings, the trial court conducted a hearing to finalize the judgment. At the hearing, the State entered several documents into evidence, including the judgment nisi, but did not present any testimony. Mendez testified on his own behalf regarding actions he took aimed at returning Tokola to incarceration following her failure to appear. Mendez explained that on February 5, 2011, he "lured" Tokola to his office and then called the Lockhart police so that they could take Tokola into custody pursuant to a warrant that had issued for her arrest. However, Mendez testified that once the officers arrived, Tokola—who was visibly pregnant at the time—began complaining of stomach pain and asked to be taken to the hospital. Counsel for Mendez then presented the testimony of Sergeant Richard Torres, the supervising police officer on the scene that day. Torres testified that, upon the arrival of an ambulance and an evaluation by emergency medical personnel, he decided not to arrest Tokola. Instead, Torres released Tokola for transport to the local hospital.

2

At the conclusion of the hearing, Mendez asserted that he was entitled to exoneration and alternatively requested a remittitur in the full amount of the bond. The trial court later rendered judgment against Tokola and Mendez, jointly and severally, for the full amount of the bond plus costs. Upon Mendez's request, the court issued findings of fact and conclusion of law.

## STANDARD OF REVIEW

Although bond-forfeiture proceedings are criminal cases, appellate review of bond-forfeiture proceedings is governed by civil law, including the standard of review. Tex. Code Crim. Proc. art. 44.44 (providing that "the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken"); *International Fid. Ins. Co. v. State*, No. 03-09-00539-CR, 2010 WL 4366913, at *2 n.3 (Tex. App.—Austin Nov. 3, 2010, no pet.) (mem. op.) (applying civil standard to review for factual and legal sufficiency).

In a bench trial, where the trial court makes findings of fact, as it did in this case, those findings of fact are the equivalent of jury answers to special issues. *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.). This Court reviews the trial court's findings of fact for legal sufficiency and factual sufficiency of the evidence. *Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 639 (Tex. App.—Austin 2012, no pet.). When, as here, a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). In conducting this review, we do not engage in our own factual review; rather, the trial judge is the "sole judge of the credibility of the witnesses and the weight to be given their testimony." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).

3

**ANALYSIS**

Article 22.16 of the Code of Criminal Procedure provides:

> (b) For other good cause shown and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court and any reasonable and necessary costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (c).

Tex. Code Crim. Proc. art. 22.16(b). In two issues on appeal, Mendez challenges the trial court's failure to grant him a discretionary remittitur under article 22.16(b). First, Mendez asserts that the evidence is factually insufficient to support the trial court's finding that Mendez was "advised that the San Marcos Police Department would take Defendant Vallery Tokola into custody if Defendant Robert Mendez would contact that agency and make a formal request." Second, Mendez argues that the trial court abused its discretion in failing to grant him a remittitur for "good cause" pursuant to article 22.16(b). Mendez asserts that he was entitled to remittitur for all or part of the bond because, as a result of the officers' failure to comply with their statutory duties to arrest Tokola, he was unfairly deprived of his statutory right to exoneration.[1]

---

[1] At trial, Mendez also argued that he was entitled to exoneration. Article 22.13 of the Texas Code of Criminal Procedure provides a statutory defense to forfeiture proceedings, exonerating defendants and sureties in certain limited circumstances. *See* Tex. Code Crim. Proc. art. 22.13(a)(1)-(5). One of those circumstances is detailed in article 22.13(a)(5) and provides that a defendant and his sureties, if any, are exonerated from liability in a misdemeanor case when the principal becomes incarcerated "at the time of or not later than the 180th day after the date of the principal's failure to appear." *Id*. art. 22.13(a)(5). In this case, the trial court made several findings relevant to Mendez's exoneration defense, including that Tokola "was never incarcerated as per Article 22.13(a)(5), Texas Code of Criminal Procedure, until October 26, 2011." On appeal, Mendez does not challenge any of these findings. Further, Mendez does not argue that, under the evidence presented, he was entitled to exoneration. Instead, Mendez argues that the inaction of the police constitutes good cause for remittitur pursuant to article 22.16(b) because it deprived him of an otherwise certain exoneration defense.

4

We first consider whether the trial court's determination that "Mendez was advised that the San Marcos Police Department would take [Tokola] into custody if Defendant Robert Mendez would contact that agency and make a formal request" is supported by factually sufficient evidence. At the hearing, the following exchange took place between Sergeant Torres and counsel for the State:

COUNSEL: And it's your understanding that [Tokola] got in the ambulance and she was taken to the hospital? I'm guessing Luling she was taken to.

TORRES: No, she was taken to San Marcos because I remember mentioning to somebody if they wanted to, they could call San Marcos. I don't remember who talked to the bonding company. They could call San Marcos, to the officer on duty at the hospital, and you [sic] once she had a doctor release, the jail could accept her then.

This is the only testimony concerning the parties' understanding regarding Tokola's custody during her transport and upon her arrival at the hospital. Torres's testimony regarding this issue is unclear, at best. To the extent the fact in dispute is relevant to Mendez's request for a remittitur, we will assume without deciding that the evidence supporting it is factually insufficient. Accordingly, we next examine whether the trial court's denial of remittitur was an abuse of discretion, in the absence of this fact.

Mendez argues that the trial court was provided with "good cause" to remit all or part of the bond and abused its discretion in refusing Mendez's request to do so. *See id*. Mendez contends that (1) he "did everything expected of him to have [Tokola] arrested and incarcerated,"

and (2) "but for, the actions of [the officers], in clear violation of their statutorily imposed duties, Tokola was allowed to go free, depriving [Mendez] of his statutory right to an exoneration . . . ."

Under the terms of article 22.16(b), the decision to grant or deny remittitur to the surety, in whole or in part, rests within the sound discretion of the trial court. *McKenna v. State*, 247 S.W.3d 716, 719 (Tex. Crim. App. 2008). In making its decision, the trial court must keep in mind that the purpose of bail is to secure the accused's appearance in court; the law contemplates that the accused's nonappearance will normally result in forfeiture of the bond amount. *Id.* In addition, the trial court may consider any factor relevant to good cause, including (1) whether the accused's failure to appear in court was for good cause; (2) whether the delay caused by the accused's failure to appear in court prejudiced the State or harmed the public interest; (3) whether the surety participated in the re-arrest of the accused; (4) whether the State incurred costs or suffered inconvenience in the re-arrest of the accused; (5) whether the surety received compensation for the risk of executing the bond; and (6) whether the surety will suffer extreme hardship in the absence of a remittitur. *Id.* An abuse of discretion occurs if the trial court acts without reference to any guiding rules and principles or, in other words, if the court acted arbitrarily or unreasonably. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).

At the hearing to finalize the bond-forfeiture judgment, Mendez had the burden of showing that the circumstances entitled him to a remittitur of some or all of the bond. *See McKenna*, 247 S.W.3d at 719-20. In support of his remittitur request, Mendez presented evidence relevant to one of the factors—his efforts on February 5, 2011, to have Tokola taken into custody by police for incarceration. However, Mendez did not present any evidence of the costs he incurred in these efforts, if any. Likewise, Mendez did not present any evidence concerning the reason, if any, that

6

Tokola failed to appear in court. In fact, the trial court found that Mendez failed to show good cause for Tokola's original failure to appear in court on January 7, 2013, and Mendez does not challenge this finding on appeal. Mendez also did not establish that his compensation for his surety services was extraordinarily low in light of the risk undertaken. Finally, Mendez did not present any evidence concerning the prejudice, costs, and inconvenience, if any, suffered by the State and the public.

Viewing the record as a whole, we cannot conclude that the trial court's failure to find good cause for remittitur under article 22.16(b) is against the great weight and preponderance of the evidence. As a result, we cannot conclude that the trial court's decision to deny Mendez's request for remittitur was arbitrary or unreasonable—that is, the record shows no abuse of discretion. *See id*. at 720 (concluding that trial court's denial of remittitur was not abuse of discretion where surety presented evidence of only one of the relevant factors). We overrule Mendez's first and second issues on appeal.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed: October 25, 2013

7