**Opinion issued December 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00981-CV

———————————

**FRANCES ANGELA BLACK, Appellant**

**V.**

**COUNTRYSIDE VILLAGE APARTMENTS, Appellee**

---

**On Appeal from the County Civil Court at Law Number 3**
**Harris County, Texas**
**Trial Court Case No. 1019126**

---

## MEMORANDUM OPINION

Frances Angela Black appeals from a judgment in favor of Countryside Village Apartments. In a bench trial, the trial court found that Black had violated her apartment lease by permitting an individual to possess marijuana on the premises. The county court rendered judgment for Countryside and ordered that

Black be evicted from her apartment. Black appeals, challenging the admissibility of certain testimony and asserting that the trial court improperly weighed and evaluated the evidence. We affirm.

## Background

Frances Angela Black lives in an apartment at Countryside Village Apartments in Humble, Texas. Black's residency at Countryside is part of a program of the United States Department of Housing and Urban Development. Certain conditions of her lease prohibit Black from engaging in criminal activity that threatens the peaceful enjoyment of the premises by others, having unauthorized residents, and engaging in or allowing unlawful activities in her apartment, in common areas, or on the complex grounds.

Black lives in her apartment with four children, two of whom are her own and all of whom are children of her boyfriend, Edwin Hulitt. Countryside's manager, Keslie Smith, testified that Hulitt had lived in the apartment for at least a year at the time of the incident that gave rise to these proceedings.

On December 28, 2011, the Humble Police Department received a call of a domestic disturbance at Countryside. Three officers responded to the scene. One of these officers, T. Meek, testified that Black and Hulitt were engaged in an argument inside Black's apartment and that a crowd had formed outside to observe the argument, which was both audible and visible from outside the apartment.

2

After the police separated Black and Hulitt and spoke with each of them—Hulitt outside the apartment and Black inside—Officer Meek observed a bag of marijuana in an open drawer in the living room of the apartment. Officer Meek testified that Hulitt stated that the marijuana was his, at which point he arrested Hulitt for possession of marijuana. At the time of the arrest, both Black and Hulitt told Officer Meek that Hulitt lived in the apartment.

Countryside gave Black notice of its intent to evict her for (1) causing a disturbance resulting in a law enforcement response; (2) allowing Hulitt to reside in the apartment when his name was not on the lease; (3) allowing marijuana inside her unit; and (4) making false statements to Countryside management regarding her income and employment status. Countryside then successfully sued to evict Black in justice court. Black appealed to the county court, which conducted a de novo bench trial, neither party having requested a jury. Both parties were represented at trial by counsel. The county court entered judgment for Countryside and ordered Black evicted, finding that Hulitt had possessed marijuana on the property in violation of the lease. The county court's judgment made no mention of the other theories on which Countryside brought suit. Black did not request any findings of fact or conclusions of law.

Black now brings six issues on appeal. We affirm.

**Analysis**

Black challenges the admissibility of certain evidence as hearsay and asserts that the trial court abused its discretion in its evaluation of the evidence. We review a trial court's decisions to admit or exclude evidence for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *see also Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 630 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We will not overturn the judgment because of evidentiary rulings "[u]nless an erroneous ruling probably caused rendition of an improper judgment." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see also Comiskey*, 373 S.W.3d at 630; TEX. R. APP. P. 44.1(a)(1). To the extent that Black challenges the legal sufficiency of the evidence supporting the judgment, this court must look at all of the evidence admitted and determine whether, after disregarding all evidence that a reasonable trier-of-fact could disregard, more than a scintilla of evidence supports the judgment. *See City of Keller v. Wilson*, 168 S.W.3d 802, 813, 827–28 (Tex. 2005). To determine the factual sufficiency of the evidence, we are required to examine all of the evidence, and we will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The trier of fact may choose to "believe one witness and disbelieve others" and "may resolve

4

inconsistencies in the testimony of any witness." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

## I.     Sufficiency of the evidence

### A.     Dismissal of criminal charges against Hulitt

In her first issue, Black asserts that the trial court erred by finding that Hulitt had marijuana on the property, despite the dismissal of the criminal charges against him.

The trial court heard testimony from Officer Meek, who testified that he saw a bag of marijuana in Black's apartment and that Hulitt admitted to possession of that marijuana. The trial court, as finder of fact, was entitled to credit this testimony and was not obligated to draw or believe a contrary inference from the fact that the criminal case against Hulitt was dismissed. *See City of Keller*, 168 S.W.3d at 821, 827–28. The determination was not contrary to the overwhelming weight of the evidence. *See Cain*, 709 S.W.2d at 176. We overrule Black's first issue.

### B.     Weight and evaluation of evidence

In her second, third, and fifth issues, Black asserts that the trial court gave improper weight or meanings to the testimony of various witnesses with respect to the circumstances under which Hulitt was arrested. Specifically, Black argues in each of these issues that the trial court erred by finding that Hulitt possessed the

marijuana, rather than finding that he volunteered to go to jail to spare Black and his children from eviction and being taken into custody. Black argues that the trial court interpreted Hulitt's actions and statements unfairly and without recognition of the difficulties faced by Black, Hulitt, and Hulitt's children.

Hulitt and Black testified that the marijuana was not theirs but that the Humble police officers on the scene threatened to arrest everyone present and take the children in Black's care to "CPS," that is, the Texas Department of Family and Protective Services, if nobody present claimed the marijuana. According to Hulitt and Black, the marijuana was found on a common balcony outside Black's apartment, and Hulitt made no admissions, but he merely volunteered to be arrested to spare Black from arrest and the children from being taken into protective custody. Officer Meek, however, testified that he observed the marijuana in an open drawer inside Black's apartment, that Black denied that it was hers, and that Hulitt admitted that it was his. The trial court was entitled to believe Officer Meek and disbelieve Black and Hulitt. *See McGalliard*, 722 S.W.2d at 697.

Black also complains in her fifth issue that the trial court manufactured a contradiction between Black's testimony and Hulitt's testimony regarding the arrival time of Officer Meek. Hulitt testified that Officer Meek arrived "several minutes" after the other officers, while Black testified that "Officer Meek didn't

6

see anything" and "only knows what he was told," because he arrived 20 or 30 minutes after the other officers. Black does not explain why the trial court was required to find that these statements were consistent or how she was harmed by the trial court's questions about the witnesses' testimony. Again, to the extent the evidence on this point conflicted, the trial court was entitled to believe either Black or Hulitt and disregard the other's testimony. *See id.*

Because more than a scintilla of evidence supports the judgment and because the trial court could reasonably have disregarded the contrary evidence, and because the trial court's determinations were not contrary to the overwhelming weight of the evidence, we overrule Black's second, third, and fifth issues. *See City of Keller*, 168 S.W.3d at 820–22; *Cain*, 709 S.W.2d at 176.

### C. Countryside's signature on a HUD certification

In her sixth issue, Black does not explicitly assign any error, but merely argues that an "Owner's Certification of Compliance" signed by a former Countryside employee after the December 28, 2011 incident contradicts Countryside's claims against Black. According to Black, this document constitutes an admission by Countryside that Black was in compliance with all HUD regulations and administrative procedures at the time that it was signed, in June 2012. Thus, Black argues, the trial court should have concluded that Black was in compliance with her lease and entered judgment against Countryside.

7

There is nothing in the record, however, showing that the Certification of Compliance constitutes an admission by Countryside that Black had complied with the terms of her lease prohibiting illegal activity on the property. Even if it did constitute such an admission, the Certification of Compliance would simply have been evidence conflicting with Countryside's position. Conflicts in the evidence, however, are the province of the trier of fact, and we must assume that it resolved any such conflict in favor of the judgment. *City of Keller*, 168 S.W.3d at 820 ("courts reviewing all the evidence in a light favorable to the verdict must assume that [the finder of fact] resolved all conflicts in accordance with that verdict"). We overrule Black's sixth issue.

## II.    Hearsay

In her fourth issue, Black asserts that the trial court erred by admitting hearsay testimony from Smith and Officer Meek. With certain exclusions and exceptions that are not relevant here, hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d); *see also* TEX. R. EVID. 801(e), 803, 804. "Hearsay is not admissible except as provided by statute or [the] rules [of evidence] or by other rules prescribed pursuant to statutory authority." TEX. R. EVID. 802. "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." *Id.*; *Tex. Commerce Bank,*

8

*Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999); *see also Austin v. Weems*, 337 S.W.3d 415, 425 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (hearsay objection to officer's testimony was waived when no objection made). Further, "[t]he erroneous admission of evidence requires reversal only if the error probably caused the rendition of an improper judgment." *Air Prods. & Chems., Inc. v. Odfjell Seachem A/S*, 305 S.W.3d 87, 97 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing TEX. R. APP. P. 44.1; *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004)). "The erroneous admission of evidence is harmless if it is merely cumulative." *Id.* (collecting cases).

First, Black asserts that all of Smith's testimony regarding the disturbance call, Hulitt's arrest, the presence of an unauthorized person, and the criminal charge against Hulitt was inadmissible hearsay. The record reflects that Black's attorney objected to Smith's testimony only once, when Smith testified that the police department, rather than apartment management, received a call about a disturbance, and that she learned of the disturbance call after the fact from the Humble Police Department. The trial court overruled the objection, reasoning that Humble police officers were present for trial who could testify that the department received a call about a disturbance, although no officers had yet been called as witnesses.

We agree with Black that Smith's testimony that the police department received a disturbance call was inadmissible hearsay. *See* TEX. R. EVID. 801. But Smith had already testified, without objection, that law enforcement had been called to respond to the disturbance. As a matter of law, this unobjected-to hearsay is probative evidence upon which the trial court was permitted to rely. *See* TEX. R. EVID. 802; *Tex. Commerce Bank*, 3 S.W.3d at 516. In addition, Officer Meek testified that he was called to assist officers on the scene and personally witnessed a disturbance in the form of an argument between Black and Hulitt. Further, the trial court did not enter judgment based on the disturbance, but only on the basis of the presence of marijuana. Any error in the admission of Smith's testimony was therefore harmless. *See Air Prods. & Chems.*, 305 S.W.3d at 97.

Black also complains of Officer Meek's testimony on the grounds that he did not have personal knowledge of events that transpired prior to his arrival, including the original location or any movement of the marijuana. The record does not contain any objection to Officer Meek's testimony as hearsay. To the extent that Black challenges the admission of any hearsay to which her counsel failed to object at trial, her objection was waived, and the trial court did not err by admitting the testimony. *See Tex. Commerce Bank*, 3 S.W.3d at 516; *Austin*, 337 S.W.3d at 425.

We overrule Black's fourth issue.

10

## Conclusion

The judgment of the trial court is affirmed.

Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

11