**Opinion filed June 12, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00310-CV
_____

## IN THE INTEREST OF S.R.B., A CHILD

**On Appeal from the County Court at Law**

**Brown County, Texas**

**Trial Court Cause No. CV1103113**

### M E M O R A N D U M   O P I N I O N

This appeal arises from an enforcement proceeding in which the trial court found that Appellant, the father of S.R.B., was in arrears on his child support obligation.[1]  We reverse and render in part and affirm in part.

Appellant presents three points of error for our review.  In the first point of error, he contends that the trial court erred when it made a factual finding of a child support arrearage based on evidence so insufficient that the finding was manifestly

---

[1]We note that Appellant also sought to modify the parent-child relationship with respect to custody of the child, but Appellant does not complain on appeal of the portion of the trial court's order regarding conservatorship.

unjust. Appellant argues in his second point of error that the trial court erred when it failed to find specific unfulfilled child support obligations that established an arrearage. And, in his third point of error, Appellant asserts that the trial court erred when it failed to file properly requested additional findings of facts and conclusions of law.

Appellee, the mother of S.R.B., filed a motion for enforcement of child support and alleged that Appellant had failed to pay child support in the amount of $280 per month from December 2009 through May 2011, a total of eighteen months. The total arrearage alleged in the motion was $4,200; however, we note that eighteen payments of $280 equals $5,040. After a hearing, the trial court found that Appellant was in arrears in the amount of $1,120. The trial court ordered Appellant to pay Appellee $100 per month toward the arrearage.

In his first point of error, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding of an arrearage. We review the trial court's factual findings under the same standards as we review the legal and factual sufficiency of the evidence to support a jury's findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Appellee initially alleged that Appellant had missed eighteen specific child support payments. However, at the hearing, Appellee admitted that she had

received fourteen of those payments. We will review the evidence for each month that Appellee alleged Appellant failed to pay in chronological order beginning with December 2009. Appellee acknowledged that she received a payment of $2,240 from Appellant in July of 2010. The payment of $2,240 was for child support for the months of December 2009 through July 2010, a total of eight months. Thus, Appellee conceded at the hearing that she had received child support payments from Appellant for December 2009 through July 2010.

As to child support payments for August, September, and October 2010, Appellant testified that he mailed Appellee three checks, numbered 1037, 1046, and 1048, in the amount of $280 for each of those months. Appellant presented copies of the three checks that he wrote and presented bank statements showing that the checks had been cashed. Appellee denied receiving the three checks.

Appellee agreed that she received check numbers 1072, 1076, and 1085 in the amount of $280 each. The memo lines on these checks indicated that they were for child support for the months of November and December 2010 and January 2011. Thus, Appellee admitted that she had received child support payments for these three months.

In support of her allegations that Appellant was behind in child support, Appellee presented the financial activity report from the Attorney General's office. The A.G.'s report showed that Appellant made child support payments in the amount of $280 for the months of February, March, and April 2011. Appellee agreed with the report. The report did not show that Appellant made a payment in May 2011, nor did Appellant present any evidence concerning child support for that month.

Although Appellee claimed that she had not received check numbers 1037, 1046, and 1048, for child support due from August 2010 through October 2010, Appellant testified that he mailed her those checks, and he presented bank

3

statements that showed that the checks had been cashed. Thus, there was conflicting evidence as to whether Appellant paid child support from August 2010 through October 2010. The trial court, as the factfinder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony and was free to resolve inconsistencies in their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). Here, the trial court resolved the conflict in favor of Appellant and implicitly found that Appellee had received the checks. The trial court, in making its finding of an arrearage, stated that it deducted $840 for the three checks that Appellant said he gave Appellee and that Appellee said she did not get. The court further stated that it was giving Appellant credit for every check that he presented.

Taking these three checks into account, as well as the fourteen other payments that Appellee admitted to receiving, the evidence shows that Appellee received seventeen of the eighteen payments that she alleged Appellant failed to make. The only other payment that Appellee alleged that Appellant did not make was for May 2011. The evidence supports a finding that Appellant did not make this payment.

Regardless of whether the trial court made specific findings as to which months Appellant failed to pay child support, the evidence supports a finding of an arrearage only in the amount of $280. Thus, it is not necessary for us to determine whether the trial court erred when it failed to find specific unfulfilled child support obligations that established an arrearage, as Appellant argues in his second point of error, or whether the trial court erred when it failed to file properly requested additional findings of facts and conclusions of law regarding the specific monthly payments that Appellant missed, as Appellant argues in his third point of error. *See* TEX. R. APP. P. 47.1.

4

Therefore, we hold that the evidence shows that Appellant failed to pay child support in May 2011 for the amount of $280. Although the A.G.'s report also shows that Appellant did not pay in September 2011, Appellee did not claim that Appellant failed to make the September 2011 payment when she filed her motion for enforcement in December 2011. She also did not allege during the hearing that he missed any payments other than the eighteen payments that she alleged in her motion. Moreover, the A.G.'s report only shows activity reported as of October 5, 2011, and Appellant presented receipts for money orders for child support in the amount of $280 that were purchased on September 30, 2011, and October 4, 2011. The A.G.'s report shows that a $280 payment was received on October 3, 2011. Thus, the September 2011 payment cannot form a basis for the trial court's finding of an arrearage in the amount of $1,120. The trial court erred when it found that Appellant was $1,120 in arrears because the evidence showed that he was only $280 in arrears. Appellant's first point of error is sustained.

We reverse the judgment of the trial court insofar as it found a child support arrearage in the amount of $1,120, and we render judgment to reflect an arrearage in the amount of $280. In all other respects, we affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

June 12, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.